BRONSON LAW OFFICES, P.C.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                     Chapter 7
                                                                                Case No. 23-22095 (shl)
Rahul Dev Manchanda,

                                         Debtor.
-------------------------------------------------------------X

## OBJECTION TO MOTION FOR RELIEF FROM STAY

The above-captioned debtor Rahul Dev Manchanda (the "**Debtor**"), through its counsel Bronson Law Offices, PC, respectfully files this objection (the "**Objection**") to a motion seeking relief from stay to continue the prosecution of a defamation lawsuit on behalf of Douglas Senderoff ("**Mr. Senderoff**") who claims to be the Debtor's creditor (the "**Motion**"). In support of this objection the Debtor states as follows.

## BACKGROUND

1. On February 4, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. The Debtor listed a lawsuit filed by Mr. Senderoff on his Statement of Financial Affairs.

3. Marianne T. O'Toole was appointed as the Chapter 7 Trustee.

4. On March 7, 2023, Mr. Senderoff filed an adversary proceeding in the Bankruptcy Court at case number 23-07008 (the "Adversary") seeking a determination of dischargeability under 11 U.S.C.§523(a)(6).

5. The Motion lists the caption of the Adversary. However, the Motion is seeking relief from the Debtor's bankruptcy stay and to clarify, Bronson Law Offices, PC, only represents the Debtor with respect to the Bankruptcy and not the Adversary.

6. The Motion extensively discusses Mr. Senderoff's allegations in the defamation case and other matters involving the Debtor that are unrelated to bankruptcy. This Objection will not address these statements because they are not relevant to the Bankruptcy Court's determination of whether cause exists to lift the stay under 11 U.S.C.§362(d)(1).

7. Mr. Senderoff does not claim any interest in property of the estate. Therefore, to the extent that he has an allowed claim against the Debtor it is unsecured.

8. The Motion does not state any compelling reason that Mr. Senderoff's potential unsecured claim against the Debtor should be entitled to an advantage over all of the Debtor's other unsecured claims.

9. The Motion points to missing details from the Debtor's petition. The Debtor disclosed the information that he had but he did not have all of the specific information as to various dates and other details, which is not atypical.

10. The Debtor provided extensive financial information to the Chapter 7 Trustee including his business bank statements prior to his Section 341 Meeting of Creditors.

11. The Section 341 Meeting of Creditors was held on March 9, 2023, and the Debtor appeared and testified.

12. Counsel for the United States Attorney's Office appeared on behalf of the IRS and the SBA at the meeting and had the opportunity to ask questions of the Debtor.

13. The Debtor previously filed four bankruptcy relief four times. He initially filed two chapter 7 cases and received a discharge in the second one. He subsequently had two chapter 13 cases wherein he filed Chapter 13 plans, but the cases were ultimately dismissed.

14. The instant chapter 7 has been filed more than eight years after the previous chapter 7 discharge.

15. Therefore, the Debtor respectfully submits that the Motion to lift the stay should be denied.

## **LEGAL ARGUMENT**

The Motion seeks relief from the automatic stay for cause pursuant to 11 U.S.C.§362(d)(1) to litigate a potential unsecured claim against the Debtor. The Bankruptcy Code does not define "cause," but courts in this District apply the factors enumerated in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990) (the "*Sonnax* Factors"):

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of

3

> other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* at 1286.

The burden on the movant seeking relief from the automatic stay to prosecute an unsecured claim is especially heavy. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief," *In re Breitburn Energy LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017)(quoting *In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *accord Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 U.S. Dist. LEXIS 125182, 2010 WL 4966018, at 4 (S.D.N.Y. Nov. 8, 2010); *In re Residential Capital, LLC*, 501 B.R. 624, 643-44 (Bankr. S.D.N.Y. 2013), *Motors Liquidation Co.*, 2010 U.S. Dist. LEXIS 125182, 2010 WL 4966018, at 4; *Leibowitz*, 147 B.R. at 345).

The case law states that unsecured claims should not be granted relief from the stay because to do so would result in a violation of one of the fundamental concepts of bankruptcy law; that there should be equality of distribution among creditors. An unsecured claimant should not be entitled to obtain a distributive advantage over other unsecured claimants who are similarly enjoined from seeking distribution by any method other than in accordance with the distributive scheme under the Bankruptcy Code. *In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992)

As Judge Bernstein further explained in the *Breitburn* case, "[f]orcing the Debtors to

bear the costs and disruptions involved in liquidating these unsecured claims before knowing what distribution will be made to unsecured creditors unnecessarily interferes with the bankruptcy cases and prejudices the unsecured creditors." *Id* at 68. Therefore, that court also found that many of the *Sonnax* factors would militate against finding cause to lift the stay in this circumstance.

In applying *Sonnax* factor number 1 the Motion claims that determining the amount of the debt is a prerequisite to dischargeability. This is not the case. Bankruptcy courts can determine money damages in dischargeability proceedings because bankruptcy courts are equitable courts that may decide all matters in dispute and give complete relief); *In re Porges*, 44 F.3d. 159, 164 (2d Cir. 1995) ("the entry of the money judgment … finds support in the bankruptcy courts inherent equitable powers"). Indeed, the Bankruptcy Court is a specialized tribunal with expertise in determining matters related to dischargeability and allowing it to do so would maximize judicial economy. Therefore, *Sonnax* factors number 1,4 and 10 weigh against lifting the stay.

Where the claim is unsecured *Sonnax* factors numbers 2,5, and 7 weigh against lifting the stay because "[f]orcing the Debtors to bear the costs and disruptions involved in liquidating these unsecured claims before knowing what distribution will be made to unsecured creditors unnecessarily interferes with the bankruptcy cases and prejudices the unsecured creditors." *In re Breitburn Energy LP*, 571 B.R. 59, 68 (Bankr. S.D.N.Y. 2017).

As in the *Breitburn* case, the defamation claims here do not *primarily* involve third parties so *Sonnax* factor number 6 weighs against lifting the stay. *See id*. As does factor number 11 because as the Motion states the Debtor has yet to sit for a deposition. *Id.* Thus, clearly the parties are not ready for trial.

5

The Motion admits that factor number 12 weighs against lifting the stay because it would force the Debtor the burden of litigating in another forum while under financial duress. However, the Motion argues that this should be disregarded because of the Debtor being an attorney and his history of litigating cases *pro se*. While the Debtor has engaged in litigation on his own behalf in the past that does not indicate that doing so now would not be a burden on him. Indeed, a major reason that the Debtor filed this case was to relieve himself of the burdens of defending several claims. The remaining Sonnax factors numbers 3,8 and 9 do not apply to this case.

The Motion also discusses lifting the stay for bad faith citing to *In re MacInnis*, 235 B.R. 255 (S.D.N.Y. 1998). However, this case is distinguishable as it was a Chapter 11 that would go on indefinitely when the debtor had no prospect of reorganization. This is a Chapter 7 case which will be resolved within a finite period and the reasoning in that case does not apply here. Further, the Motion does not assert that the Debtor has concealed any assets as was the case in *In re Kerivan*, No. 09-14581 (AJG), 2010 Bankr. LEXIS 1981 (Bankr. S.D.N.Y. June 15, 2010) cited by the Motion.

The unsuccessful result of three of the Debtor's four prior filings were clearly not just a strategy on the Debtor's use of the Bankruptcy Court to hinder, delay and defraud as the case law refers to, because he actively participated in all four cases and even received a discharge in one. *See e.g. In re Montalvo*, 416 B.R. 381 (Bankr. E.D.N.Y. 2009).

The Debtor's conduct or legal strategy in his previous cases may have been relevant to the Courts determinations in dismissing those cases. However, with respect to establishing cause for relief from stay, prior filings are generally viewed as to whether they were true attempts at filing or merely attempts to delay and frustrate creditors where the debtors failed to

file schedules and other required information. *See e.g. Pickering v. M & T Mortg. Corp.*, 2006 U.S. Dist. LEXIS 58583 (S.D.N.Y. Aug. 14, 2006).

Accordingly, the Motion has not established any extraordinary circumstances or bad faith that would justify Mr. Senderoff being treated any differently than the Debtor's other claimholders, it follows that his Motion for relief should be denied. *See In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992).

From a dispassionate review of the case, it appears that the Bankruptcy Court can best determine the dischargeability case, resolve the existence and amount of the claim in the most efficient way, to the benefit of the creditors and the bankruptcy estate and the stay should not be lifted at this time.

**WHEREFORE,** the Debtor respectfully requests that the Court deny the relief sought in the Motion and maintain the automatic stay; and for such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
 March 30, 2023

BRONSON LAW OFFICES P.C.

By: /s/ *H. Bruce Bronson*
 H. Bruce Bronson