```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
AUSA DANA WALSH KUMAR,              )
                                    )
                                    )
                                    )
                                    )   INDEX NO. 23-22095
-v-                                 )
                                    )
                                    )
                                    )   MOTION TO QUASH SUBPOENA
                                    )
                                    )
RAHUL MANCHANDA.                    )
-----------------------------------x
```

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Rahul Manchanda duly affirmed the 5th day of June 2023, the annexed Exhibits, and all the Pleadings and Proceedings heretofore had herein, the Undersigned will move this Honorable Court at U.S. SDNY Bankruptcy Court, 300 Quarropas St, White Plains, NY 10601 on June 14, 2023 at 10 AM or at a mutually agreeable time and place or as soon as thereafter as Counsel can be heard for an order quashing the subpoena of AUSA Dana Walsh Kumar pursuant to FRCP 45 and other applicable case law.

**Dated:**  June 5, 2023
           New Rochelle, NY

Rahul Manchanda, Esq.
Manchanda Law Office PLLC
270 Victory Boulevard
New Rochelle, New York 10804
Tel: (212) 968-8600
Fax: (212) 968-8601

To: Marianne O'Toole, Bruce Bronson, Michael Druckman, Dana Walsh Kumar, David Lin, Greg Zipes

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AUSA Dana Walsh Kumar,            )
                                  )
                                  )
                                  )
                                  )   INDEX NO. 23-22095
-v-                               )
                                  )
                                  )   AFFIRMATION IN SUPPORT
                                  )
                                  )
RAHUL MANCHANDA                   )
------------------------------------x

**STATE OF NEW YORK**        }
                             :
**COUNTY OF WESTCHESTER**    }

**RAHUL MANCHANDA**, an Attorney duly licensed to practice law in the State of New York, affirms the following to be true under penalty of perjury:

1. I make this Affirmation in support of this MOTION TO QUASH AUSA Dana Walsh Kumar's Subpoena as violating FRCP 45 as well as applicable case law.

2. With regard to Quashing or Modifying a Subpoena, and on timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

3. As we have made abundantly clear not only to AUSA Dana Walsh Kumar, this Honorable Court, the relevant attorney trustee committees, attorney and judicial misconduct committees as per the attached complaints, the three remaining demands out of nineteen (we have substantially complied) made by Ms Walsh fall well within the carved out exceptions of Rule 45, and she should be satisfied that we have not only provided her everything else that she asked for, but even partially the 3

remaining as well, subject to the proscriptions described above.

4. To demonstrate the extreme bias, bad faith, and tenor of this proceeding and AUSA Dana Walsh Kumar, at our last court hearing on May 11, 2023:

(1) Judge Sean Lane referred to his own verbally and vaguely approved document discovery demands by the invasive and abusive AUSA Dana Walsh and AUST Greg Zipes as a "fishing expedition," which was then even repeated to describe his own discovery demands using the same phrase by Greg Zipes himself, thus betraying their own mental states and full knowledge that their demands are altogether illegal, unethical, immoral, violate the attorney-client privilege for thousands of my clients, as well as violate the labor laws and privacy protections of scores of my law firm employees past and present, as well as force me to both obtain and produce formerly closed bank account records for many years bank statements within an unreasonably short period of time, that have not as of yet been properly treated, accounted for, bookkeeping, deducted, redacted, exempted, or presented as per my annual tax returns, which is my constitutional right to do;

(2) even more frightening and related to the above, AUSA Dana Walsh let it slip that she is accusing me of "co-mingling funds" when that is not only false and defamatory, but illegal and unethical in New York as a lawyer, and for which I could be disbarred or jailed - I had to aggressively counter her false and defamatory allegations for the record, because not only does our law firm NOT deal with real estate or personal injury cases requiring an escrow account, but that it is common knowledge that in New York State lawyers are allowed to deposit retainer fees, personal and business loans (as well as gifts) into their operating/checking account for day to day business and operating costs (as opposed to other states) - this kind of sloppy, careless, ignorant, mean-spirited, unethical, false, defamatory, and dangerous kind of talk on the public record is another reason in my opinion why Judge Sean Lane has not reduced their discovery demands to an Order (as I would appeal it in 15 seconds) but rather he has stated "just do the best you can and we will discuss it all at our next court date of June 14, 2023," truly a landmine-filled kangaroo court legal proceeding which now that Judge Sean Lane has allowed my fully paid for lawyer Bruce Bronson to unethically and illegally withdraw, has left me lawyer-less and rudder-less, susceptible to all sorts of traps, pitfalls, and word salads by AUSA Dana Walsh Kumar, AUST Greg Zipes and others, designed to deny me due process, a fair bankruptcy proceeding, causing me to trip and fall;

(3) I remind this court that Judge Lane still has not either acknowledged or called to the mat Federica Romanelli of the New

York County Lawyers Association, who continues to flagrantly and blatantly violate the automatic bankruptcy stay on this case, allowing former client after former client to continue to prepare and file legal fee disputes, collection actions, lawsuits, and fee disputes left and right, with the New York Civil Court located at 111 Centre Street, New York NY 10013 not even notifying me of court dates, so that default judgments are piling up all around me in an absolute and coordinated manner, simply because in my opinion he hates me so much - Judge Sean Lane even commented on the record that "wow, I can't believe that these people won't abide by the automatic bankruptcy stay," while apparently chuckling and giggling - meanwhile my Contempt Motion duly filed against Federica Romanelli filed back in February 2023, goes un-answered, un-heard, and un-ruled upon by Judge Sean Lane, while Federica Romanelli keeps aiding and abetting these multiple bankruptcy stay violations.

5. Again, under Rule 45 of the Federal Rules of Civil Procedure, "on timely motion, the issuing court **must** quash or modify a subpoena that ... requires disclosure of privileged or other protected matter...or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv).

**WHEREFORE**, it is respectfully requested that this MOTION TO QUASH be granted in all respects together with such other and further relief as this Honorable Court deems to be just and proper, including contempt, costs, incarceration, and sanctions against the various parties/entities/abusers for continuing to willfully fail to comply with the Automatic Stay and Protection of federal bankruptcy law by threatening, harassing, collecting, abusing, and otherwise violating disregard for federal bankruptcy protection, in violation of U.S. Federal bankruptcy Law, and in light of the information contained herein.

**Dated:** June 6, 2023
New York, NY

Rahul Dev Manchanda, Esq.

# CERTIFICATE OF SERVICE

On or about June 6, 2023, I, Rahul Manchanda, served a copy of this MOTION TO QUASH and any attached pages to the parties listed above via electronic mail.

_____
By: Rahul Manchanda, Esq.
Manchanda Law Office PLLC
270 Victory Boulevard
New Rochelle, New York 10804
Tel: (212) 968-8600
Fax: (212) 968-8601

To: Marianne O'Toole, Bruce Bronson, Michael Druckman, Dana Walsh Kumar, David Lin, Greg Zipes

# UNITED STATES BANKRUPTCY COURT
_____Southern District of New York_____

In re Rahul Dev Manchanda_____
                Debtor

Case No. 23-22095_____

*(Complete if issued in an adversary proceeding)*

Chapter 7_____

_____
                Plaintiff
                v.

Adv. Proc. No. _____

_____
                Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Manchanda Law Office PLLC, 30 Wall Street, 8th Floor, New York, NY 10005**_____
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Rider A

| PLACE U.S. Attorney's Office, 86 Chambers Street, Floor 3, New York, New York 10007, attn: Dana Walsh Kumar | DATE AND TIME June 19, 2023 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____06/02/2023_____
                CLERK OF COURT

                              OR

_____       ___/s/ Dana Walsh Kumar_____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Rider A

## Document Request – Definitions

"Debtor" shall mean Rahul Dev Manchanda, the debtor in the bankruptcy case.

A reference to the "Petition" shall mean the petition in the Debtor's bankruptcy proceeding, Case No. 23-22095 (S.D.N.Y.) (SHL), including the petition filed at ECF No. 1 and any amendments thereto.

All other definitions shall be those as set forth in Rule 26.3 of the Local Civil Rules for the Southern District of New York, which provides as follows:

(a) The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b) This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) The following definitions apply to all discovery requests:

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

### Instructions

1. This request incorporates by reference and is governed by rules of construction set forth in Rule 26.3 of the Local Civil Rules for the Southern District of New York.

2. Unless otherwise agreed, all documents are to be produced in their original form and in the form that they are maintained in the ordinary course of business.

3. In producing the documents called for by this schedule, you are requested to identify the documents produced according to the number or numbers of the requests herein to which they relate.

4. Rule 26.2 of the Local Civil Rules for the Southern District of New York is incorporated by reference herein and governs in the event that any document called for by this schedule is to be withheld on the basis of a claim of privilege.

5. In the event that any document called for by this schedule has been destroyed or discarded, the document is to be identified by stating: (i) the name and current address of the person who prepared the document and the person to whom it was addressed; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; and (iv) the persons authorizing and carrying out such destruction or discard.

6. In the event a document has been removed from the requested files prior to production on grounds other than privilege, identify the document as provided in instruction 5, above, and state the reason for its removal.

7. This request for production of documents shall be deemed to require supplementation in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Unless otherwise stated, all requests shall extend to the present.

8. Except as the context of a particular request may otherwise unambiguously require, the singular shall include the plural and the plural shall include the singular.

## Documents to be Produced

1. From January 1, 2020 to the present, all statements of financial accounts (including but not limited to any checking accounts, savings accounts, money market accounts and brokerage accounts) in the name of Manchanda Law Office PLLC.

2. From January 1, 2020 to the present, all statements of financial accounts showing the receipt of Small Business Administration Loan #6261338110, issued to Manchanda Law Office PLLC, and all statements of financial accounts showing the disbursement or transfer of any proceeds from this loan.

3. Copies of all banking records documenting financial transactions undertaken by the Debtor and/or Manchanda Law Offices PLLC for the year prior to the filing of the Petition, including but not limited to all documents sufficient to show the source of funds used in the purchase of Debtor's home and any mortgage payments.

(Rev. 7.30.2020)

**ATTORNEY GRIEVANCE COMMITTEE**
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 401-0800

**JORGE DOPICO**
**Chief Attorney**

Email Complaint and Attachments to: AD1-AGC-newcomplaints@nycourts.gov. In addition, please send one copy of your complaint and attachments by regular mail to the above address. (If you do not have a personal email account, please send two (2) complete sets of your complaint and all attachments. There may be a delay in processing your matter if it is not emailed. Please do not include any original documents because we are unable to return them.)

**Background Information**

Today's Date: 05/29/2023
Your Full Name: (Mr. Ms. Mrs.) Mr Rahul Dev Manchanda, Esq
Address: 30 Wall Street, 8th Floor, Suite 8207
City: New York   State: New York   Zip Code: 10005
Cell Phone: 6466450993   Business/Home Phone: 2129688600
Email Address: info@manchanda-law.com
Are you represented by a lawyer regarding this complaint? Yes ☐ No ☑ If Yes:
Lawyer's Name: _____
Address: _____
City: _____   State: _____   Zip Code: _____
Business Phone: _____   Cell Phone: _____

**Attorney Information**

Full Name of Attorney Complained of: (Mr. Ms. Mrs.) Ms Dana Walsh
Address: US Attorneys Office SDNY, 86 Chambers Street, Floor 3
City: New York   State: New York   Zip Code: 10007
Business Phone: (212) 637-2741   Cell Phone: _____
Email Address: dana.walsh.kumar@usdoj.gov

Date(s) of Representation/Incident: 05/11/2023
Have you filed a civil or criminal complaint against this attorney? Yes ☐ No ☑ If Yes:
If yes, name of case (if applicable): _____
Name of Court: _____
Index Number of Case (if known): _____
Have you filed a complaint concerning this matter with another Grievance Committee, Bar Association, District Attorney's Office, or any other agency? Yes ☑ No ☐
If yes, name of agency: NYC FBI Field Office, Administrative Office of the US Courts, etc
Action taken by agency, if any: Pending

**Details of Complaint**

Please describe the alleged misconduct in as much detail as possible including what happened, where and when, the names of any witnesses, what was said, and in what tone of voice, etc. Use additional sheets if necessary.

This careless, dangerous woman makes statements and comments on the record of my chapter 7 bankruptcy case no 23-22095 in the Southern District of New York White Plains NY that are false, defamatory, slanderous, misleading, deceptive, inflammatory, unethical, prejudicial, and altogether if were stated outside the protected forum of a court hearing I would sue her into oblivion both legally and equitably. Her statements on the record are designed to skew the bankruptcy proceedings, target me when no probable cause exists, convict me of non-existent ethics or criminal transgressions, hurt me in the public record and court of public opinion, and further justify her already invasive, intrusive, unethical, and illegal discovery demands which this totally compliant and unethical Judge Sean Lane (see my pending complaints against him) greenlights and allows with no stops or breaks, with federal, state, and local bankruptcy, employee, and attorney-client privilege/confidentiality be damned and discarded. Specifically, AUSA Dana Walsh accused me with no evidence of "co-mingling" in my law firm attorney law firm operating/checking account, even more frightening given her US government and limitless taxpayer funded AUSA job, when that is not only false and defamatory, but illegal and unethical in New York as a lawyer, and for which I could be disbarred or jailed - I had to aggressively counter her false and defamatory allegations for the record, because not only does our law firm NOT deal with real estate or personal injury cases requiring an escrow account, but that it is common knowledge that in New York State lawyers are allowed to deposit retainer fees in their operating/checking account (as opposed to other states) - this kind of sloppy, careless, unethical, false, defamatory, and dangerous kind of talk on the public record is another reason why Judge Sean Lane has not reduced their discovery demands to an Order (as I would appeal it in 15 seconds) but rather he has stated "just do the best you can and we will discuss it all at our next court date of June 16, 2023," truly a landmine-filled kangaroo court BULLYING legal proceeding which now that Judge Lane has allowed my fully paid for lawyer Bruce Bronson to withdraw, has left me lawyerless and rudderless, susceptible to all sorts of traps, pitfalls, and word salad designed to deny me due process, a fair bankruptcy proceeding, and cause me to trip and fall.

Complainant's Signature (Required): _/s/ Rahul D. Manchanda_

## Documents to be Produced

1. The 2020, 2021, and 2022 Federal and State Tax Returns with all completed schedules attached—including but not limited to extensions, K-1's, 1099's, W-2's—for both (a) the Debtor and (b) the Manchanda Law Office PLLC.

   *2020, 2021 attached, 2022 extended until October 2023*

2. All documents relating to the valuation of the Manchanda Law Office PLLC provided in the Schedules.

   *ask former lawyer Bruce Bronson as he did this.*

3. All documents showing the Debtor's relationship to Manchanda Law Office PLLC, including any governing documents evidencing the Debtor's ownership and any employment agreements, and any payments by the Manchanda Law Office PLLC to the Debtor.

   *attached is all we have.*

4. All documents showing how the Debtor calculated income on Schedule I [ECF Docket No. 5]. The Debtor indicates on Schedule I that his net income from "rental property and from operating a business, profession, or farm" is $4,250. After including the income of "Debtor 2 or non-filing spouse" the total monthly income is $7,527.53. The Debtor should provide all documents in connection with the income amounts listed in Schedule I.

   *ask former lawyer Bruce Bronson as he did this.*

5. All documents relating to applications for credit, loans, or letters of credit submitted by the Debtor to credit or financial institutions for two (2) years prior to the Filing Date, as well as all documents relating to applications for credit, loans, or letters of credit submitted by the Debtor with respect to all outstanding credit or loan obligations existing at or after the time of the Filing Date to the present.

   *overly broad, impossible to obtain.*

6. Monthly statements for all debts listed in the Schedules, including those listed in Schedule D, E, and F for the two (2) years prior to the date of filing of the Petition.

   *ask former lawyer Bruce Bronson as he did this.*

7. All documents relating to the purchase, maintenance, or valuation of 270 Victory Boulevard, New Rochelle, New York, including any (i) appraisals, (ii) closing documents, (iii) receipts, and (iv) confirmation(s) of mortgage and tax payments, with the name of the payor, related to such property.

   *provided*

   *we provided whatever we have, but also ask **former attorney Bruce Bronson as he and his experts did valuation, appraisal, etc***

8. All documents relating to the debt with the U.S. Small Business Administration listed in the Debtor's Schedules, including any (i) appraisals, (ii) closing documents, (iii) receipts, and (iv) confirmation(s) of payment, with the name of the payor, related to such debt.

9. All documents relating to the purchase, maintenance, or valuation of the 2018 BMW 320i listed in the Debtor's Schedules, including any (i) appraisals, (ii) closing documents, (iii) receipts, and (iv) confirmation(s) of payment, with the name of the payor, related to such property.

   *provided what we have.*

10. All documents relating to the "Lease for BWMW X3 2022 $771 per month" listed in the Debtor's Schedules, including any (i) appraisals, (ii) closing documents, (iii) receipts, and (iv) confirmation(s) of payment, with the name of the payor, related to such lease.

    *provided what we have.*

11. All documents relating to the purchase and/or valuation of the Rolex Oyster Perpetual Steel Yellow Gold White Roman Men's Watch listed in the Debtor's Schedules, including but not limited to, all (i) appraisals, (ii) closing documents, (iii) receipts, and (iv) confirmation(s) of payment, with the name of the payor, related to such property.

    *provided what we have, all appraisals by former bankruptcy lawyer Bruce Bronson.*

12. All documents relating to the Debtor's purchase and/or leasing of any real property or automobiles, individually or with another individual, a spouse, a sibling, a child, etc., for the two (2) years prior to the Filing Date to the present, including but not limited to, all (i) appraisals, (ii) closing documents, (iii) receipts, and (iv) confirmation(s) of payment, with the name of the payor, related to such real property or automobiles.

    *provided what we have for 30 Wall St virtual office lease agreement info and previous NYC Apt where I worked out of*

13. All insurance policies and all documents relating to applications submitted for insurance policies held by the Debtor, individually or with another individual, a spouse, a sibling, a child, etc., for two (2) years prior to the Filing Date to the present.

    *provided what we have*

14. All documents relating to gifts or transfers made to or from the Debtor having a value in excess of $100.00 for the past two years and, if documents do not exist for any such gift, a description of the item purchased and to whom such item was presented.

    *overly broad, not certain of the query, vague, or not applicable.*

15. Copies of money orders, bank checks or certified checks used to pay any bills, in the 12 months preceding the Filing Date.

16. From January 1, 2020 to the present, all statements of financial accounts (including but not limited to any checking accounts, savings accounts, money market accounts and brokerage accounts) held by the Debtor personally, jointly, and/or in the name of

    *we will do the best we can under the limited time frame plus submitted tax returns for those years*

Manchanda Law Office PLLC.

17. From January 1, 2020 to the present, all statements of financial accounts showing the receipt of Small Business Administration Loan #6261338110, issued to Manchanda Law Office PLLC, and all statements of financial accounts showing the disbursement or transfer of any proceeds from this loan. — provided what we have.

18. Copies of all banking records documenting financial transactions undertaken by the Debtor and/or Manchanda Law Offices PLLC for the year prior to the filing of the Petition, including but not limited to all document sufficient to show the source of funds used in the purchase of Debtor's home and any mortgage payments. — provided what we have to the best of our ability.

19. Copies of all documents provided to the Chapter 7 Trustee, including any responses to document requests made by the Chapter 7 Trustee at the 341 Meeting. — provided what we have to the best of our ability.

2