| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: June 14, 2023<br>Hearing Time: 10:00 a.m. |

In re:

RAHUL DEV MANCHANDA,

                Debtor.

Chapter 7

Case No. 23-22095 (SHL)

## OPPOSITION TO DEBTOR'S MOTION TO QUASH

TO:    THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE

      1.      The United States of America (the "United States" or the "Government"), on behalf of the Internal Revenue Service ("IRS") and the Small Business Administration ("SBA"), by its attorney Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this opposition to Debtor's Motion to Quash the subpoena served by the Government on Manchanda Law Offices PLLC ("Manchanda Law"), which is the law firm wholly owned by the debtor, Rahul Dev Manchanda ("Debtor"). *See* ECF No. 47 ("Motion to Quash").

      2.      On May 5, 2023, the Government filed a motion to extend the time to object to Debtor's discharge and/or the discharge of particular debts, and to take discovery (the "Motion"). *See* ECF No. 33.

      3.      As part of the Motion, the Government requested that the Court grant its application to serve a subpoena on Manchanda Law pursuant to Federal Rule of Civil Procedure 45. The Government attached to its Motion a proposed subpoena, which included requests for three categories of documents from Manchanda Law, which are relevant to this bankruptcy proceeding. *See* ECF No. 33.

4. As set forth in more detail in the Motion, information contained in the schedules to the Petition as well as the Debtor's testimony at the 341 Meeting raised questions about intermingling of the Debtor's personal and business finances, which is why the Government is seeking records from Manchanda Law, which is wholly owned by the Debtor. *See, e.g.*, Motion at 5 (Debtor's Chapter 7 Petition did not include any checking or savings or other deposit accounts where income the Debtor receives from operating a business is deposited); *id.* at 5-6 (Debtor testified that bills and expenses are paid by his spouse, who is employed by Manchanda Law); *id.* at 6 (Debtor testified that he believed his monthly home mortgage payment is drawn from an account of Manchanda Law and Debtor's Schedule I listed Debtor's home mortgage as being paid through a business account).

5. On May 16, 2023, the Court held a conference, during which the Court heard argument from the Government, the United States Trustee's Office, and the Debtor regarding the Motion. The Court held that the Government's request for discovery was "appropriate and fairly routine," granted the Motion, and directed the Government to submit a proposed order. May 16, 2023 Tr. at 47-48.

*6.* On May 25, 2023, the Court entered an Order extending the Government's time to file a complaint pursuant to 11 U.S.C. § 727 and/or 11 U.S.C. § 523, and granting the Government's request to take discovery, including "permitting the United States to issue a subpoena to Manchanda Law Offices PLLC." *See* ECF No. 44. The Government's proposed subpoena was attached to the Court's Order. *See id.*

7. On June 2, 2023, the Government sent the subpoena to Manchanda Law via FedEx and emailed a copy to the Debtor. The subpoena that was sent included the same three requests for documents that were included in the subpoena attached to the Court's Order. *See* ECF Nos.

44, 47.  The Government revised the date of the subpoena to reflect the date it was sent—*i.e.*, June 2, 2023—and made the subpoena returnable on June 19, 2023, in accordance with Federal Rule of Civil Procedure 45, which requires fourteen days for the party to respond to the subpoena.  *See* Fed. R. Civ. P. 45(c)(2); ECF No. 47 at 6.

8. On June 9, 2023, Debtor's Motion to Quash was docketed.  *See* ECF No. 47.  The Government was not otherwise served with the Motion to Quash.

9. In the Motion to Quash, the Debtor states only that the subpoena is improper because it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) require disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." ECF No. 47 at 2.  The Debtor does not provide any reasoning as to why any of these four factors apply, but rather repeats the same arguments that he made at the May 16 conference in opposing the Government's application for discovery.

10. The Court should deny the Motion to Quash first and foremost because the Court has already entered an order permitting the Government to serve the exact same subpoena that the Debtor seeks to quash.  *See* ECF No. 44.  The Court has already ruled that the discovery that the Government is seeking both from the Debtor and Manchanda Law is appropriate.  *See id.* Accordingly, the Motion to Quash is barred by the law of the case.  *See United States v. Thorn*, 446 F.3d 378, 383 (2d Cir. 2006) ("The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (citations and internal quotation marks omitted); *see also United States v. U. S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 198 (1950) ("The rule of the

3

law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter.").

11. In addition, none of the four reasons Debtor provides as a basis to quash the subpoena apply here.

12. First, the subpoena gave Manchanda Law fourteen days to comply, as is required by Rule 45. *See* Fed. R. Civ. P. 45(c)(2). In addition, the Court noted at the last conference that the Debtor can start producing documents on a rolling basis, and the Government has no objection to Manchanda Law also producing documents on a rolling basis in response to the subpoena as contemplated by the Court. *See* May 16, 2023 Tr. at 52.

13. Second, the subpoena merely calls for the production of documents, which may be mailed or emailed to the U.S. Attorney's Office located at 86 Chambers Street, New York, New York, located within the Southern District of New York. Manchanda Law is located at 30 Wall Street, which is half a mile away from the U.S. Attorney's Office. Accordingly, the subpoena complies with Rule 45's geographic constraints.

14. Third, the subpoena does not expressly call for the production of privileged information. To the extent there is privileged material responsive to the subpoena, Debtor can submit a privilege log with his production. *See* Fed. R. Civ. P. 45(e)(2); Motion to Quash at 10 (subpoena instructions state that "Rule 26.2 of the Local Civil Rules for the Southern District of New York is incorporated by reference herein and governs in the event that any document called for by this schedule is to be withheld on the basis of a claim of privilege.").

15. Further, the Court has already addressed Debtor's concerns regarding potential disclosure of confidential information by stating that the parties can confer regarding the best way to treat that material either with a protective order or some other mechanism. *See* May 16, 2023

Tr. at 51. Concerns over the release of confidential information is not a basis to quash the subpoena wholesale. *See In re Bayerische Motoren Werke AG*, No. 22 MC 115 (VB), 2022 WL 2817215, at *6 (denying motion to quash where subpoena recipient had not "articulated how compliance with the subpoenas would implicate confidential information . . . nor why any such concerns could not be resolved by a protective order").

16. Finally, complying with the subpoena is not an undue burden. "To assess whether a subpoena is unduly burdensome under Rule 26, courts consider, among other things, the requested information's relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, [and] the particularity with which the documents are described." *In re Bayerische Motoren Werke AG*, 2022 WL 2817215, at *5 (internal quotation marks omitted) (alteration in original). The subpoena served on Manchanda Law requests approximately three years of financial statements and bank account information, which are highly relevant to the Debtor's bankruptcy petition in which he admits to using business accounts for personal expenses. *See* Motion at 5-6. The subpoena is not, therefore, unduly burdensome. *See id.* at *6 (subpoena seeking "relevant, nonprivileged information" was not unduly burdensome).

17. Moreover, as the Court previously found, the information requested by the Government "is the kind of information that is traditionally sought in a bankruptcy case, again, financial information to allow us to understand the assets and liabilities of a Debtor and to get a handle on that so that folks can figure out whether to file dischargeability complaints." *Id.*

18. Accordingly, the subpoena is not unduly burdensome, complies with the requirements of Federal Rule of Civil Procedure 45, and as the Court has previously held, Manchanda Law must comply with the subpoena. For these reasons, the Court should deny the Motion to Quash.

Dated: New York, New York
June 13, 2023

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
> *Attorney for Defendants*
>
> By: /s/ *Dana Walsh Kumar*
> DANA WALSH KUMAR
> Assistant United States Attorney
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Telephone: (212) 637-2741
> E-mail: dana.walsh.kumar@usdoj.gov