DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: DANA WALSH KUMAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2741
E-mail: dana.walsh.kumar@usdoj.gov

Hearing Date: September 27, 2023
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RAHUL DEV MANCHANDA,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-22095 (SHL) |

**REPLY IN FURTHER SUPPORT OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER EXTENDING THE DEADLINES TO OBJECT TO DISCHARGE AND FILE AN ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. § 727 AND/OR 11 U.S.C. § 523(c)**

TO:    THE HONORABLE SEAN H. LANE
         UNITED STATES BANKRUPTCY JUDGE

The United States of America (the "United States" or the "Government"), on behalf of the Internal Revenue Service ("IRS") and the Small Business Administration ("SBA"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, has moved this Court (a) pursuant to Federal Rule of Bankruptcy Procedure 4004(b), to extend the time to January 9, 2024, for it to file a complaint objecting to the discharge of Rahul Dev Manchanda ("Debtor") pursuant to 11 U.S.C. § 727; and (b) pursuant to Bankruptcy Rule 4007, to extend the time to January 9, 2024, for it to file an adversary proceeding opposing the dischargeability of Debtor's debts to the Government, to the extent required by 11 U.S.C. § 523(c) and/or Rule 4007. *See* ECF No. 63 (the "Motion"). On September 19, 2023, Debtor filed an opposition to the Government's

motion. *See* ECF No. 67. In further support its motion, the United States respectfully argues as follows:

**ARGUMENT**

1. The Government respectfully seeks additional time to continue to investigate the financial affairs of the Debtor so it can determine whether it has grounds to object to Debtor's discharge under 11 U.S.C. § 727, and whether it should file an adversary proceeding objecting to the discharge of any of Debtor's debts to the Government pursuant to 11 U.S.C. §§ 523(a)(2), (4) or (6).

2. Pursuant to Bankruptcy Rule 4004(a), "[i]n a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). The Court, after notice and a hearing, may extend this deadline, for cause, so long as the motion seeking an extension is filed prior to the deadline. *See In re McCormack*, 244 B.R. 203, 208 (Bankr. D. Conn. 2000) ("[A]ll that must occur before the discharge/dischargeability deadline is that a motion for extension be 'made', *i.e., filed*."). The same timing applies to a creditor's objection to the dischargeability of an individual's debt pursuant to § 523(a)(2), (4) or (6). *See* 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007.

3. In his opposition, the Debtor argues that the Government has not established good cause for a further extension because it has not explained what discovery it conducted in the sixty days after the Section 341 creditors meeting, which documents he has provided and which are outstanding, and why those documents are important to the Government's investigation. *See* ECF No. 66 at 5. As set forth in the Motion and below, the Debtor has not complied with the discovery requests issued thus far and has not completed his Rule 2004 deposition or answered material

questions related to his finances.  Accordingly, the Government needs additional time to ascertain whether the Debtor will produce the outstanding information or if it may be available from a different source.  There is thus good cause for the Government's requested extension.

**A.  The Debtor's Discovery Responses Are Incomplete and Raise Further Questions**

4.  The Government's May 5, 2023, motion to extend time and seek discovery set forth the steps the Government had taken at that time.  The Government attended the Section 341 meeting in March 2023 and questioned the Debtor, and prepared document requests to the Debtor concerning his personal finances and those of his law firm.  The Court granted the Government's motion and extended its time to object to September 8, 2023.

5.  In the intervening months, the Government has worked with the Office of the United States Trustee ("UST") to gather relevant financial information from the Debtor.  The Debtor initially refused to produce any additional documents or information, but later made three document productions on May 30, July 18, and August 6, 2023, generally consisting of: (i) certain bank and credit card statements for the Debtor and his law firm; (ii) the Debtor's tax returns for 2020, 2021, and 2022; (iii) documents relating to the law firm's SBA loan; (iv) documents related to the law firm's corporate structure; and (v) the closing disclosure statement associated with the Debtor's purchase of his home in July 2022.  The Government has identified additional information it needs beyond these materials to complete its investigation.

6.  Significantly, the documents Debtor produced did not indicate what Debtor did with the proceeds from the $500,000 SBA loan.  While the Debtor's production included bank statements showing that this loan was deposited (in two installments of $150,000 and $350,000, respectively) into his law firm's bank accounts, the full amount of each of those deposits was immediately withdrawn, with no indication of where the funds went or what they were used for.

The Government therefore requires further information about the Debtor's use of the SBA loan proceeds, which it intends to seek from the Debtor and the relevant banks.

7. In addition, the Government has outstanding questions relating to the purchase of the Debtor's home in July 2022. Records from one of the law firm's bank accounts appear to show a disbursement for the downpayment used for the purchase of the home. The Debtor, however, produced only an incomplete set of statements for this account, and the source of the downpayment funds is not apparent. The Government therefore intends to request further information about these funds from the Debtor and the bank.

8. In addition to the gaps in the productions to date, the Government has questions about the documents the Debtor has produced and his use of funds in the year before he filed for bankruptcy. Many of the 2022 bank statements the Debtor produced include handwritten notations, which appear to categorize business and personal expenses for tax purposes. The Debtor noted as business expenses many items that do not seem to fit into that category, such as mortgage payments for his primary residence and other items that appear unrelated to the business. This appears to be corroborated by the Debtor's produced tax returns, which include large business deductions. The Government intends to question the Debtor further about these expenses and his sources of income and disbursements in 2022.

**B. The Debtor Did Not Complete His Rule 2004 Deposition**

9. Furthermore, pursuant to the Court's order, the Government and the UST attempted to conduct a Rule 2004 deposition of the Debtor on September 20, 2023. At the Debtor's request, the examination was conducted via Zoom. However, the Government and UST were unable to complete the questioning because the Debtor repeatedly interrupted the questions by counsel for the UST (whose questioning went first) and refused to answer them, instead offering long, non-responsive answers and ad hominem attacks. After approximately two and a half hours, the court

reporter terminated the examination because she was unable to transcribe a clear record. The Debtor then made unfounded accusations against her, and the Government reserved its right to continue the examination as it did not get to ask any questions.

10. The Government thus seeks to continue the Rule 2004 examination, *in person*, to ask its questions related to the Debtor's finances. The Government requests that the Court direct the continued examination to take place in person and admonish the Debtor to refrain from giving non-responsive answers and from interrupting the questioning attorney.

11. In addition, the limited examination that did take place raised further questions and underscores the need for additional discovery. First, the Debtor testified that he did not know why $150,000 was withdrawn from his account on the same day the SBA deposited $150,000 into it or where that money went. The Government needs additional information to determine whether the loan proceeds were used appropriately.

12. Second, the Debtor testified that he deducted as business expenses many costs associated with his primary residence, including home repairs and landscaping. This practice raises further questions about the Debtor's classification of expenses, to better understand the value of his wholly owned law firm and his current assets.

13. Finally, the Debtor strangely testified that he had never seen the Chapter 7 petition in this case (ECF No. 1), and could not verify the information contained therein. He has not, however, amended the petition in the months since his attorney withdrew from the case. The Government thus will seek to understand the basis for the Debtor's bankruptcy proceeding if he cannot attest to the accuracy of the petition and schedules or commit to amending them.[1]

---

[1] Indeed, in a different court proceeding, the Debtor has filed a letter stating that he had never seen the bankruptcy petition and that his digital signature on it was invalid. *See* ECF No. 5, *Manchanda et al. v. Lane et al.*, No. 23 Civ. 7637 (NRB) (S.D.N.Y. filed Sept. 20, 2023).

14. For all of these reasons and for the reasons stated in the Motion, there is "good cause" to extend the time for the United States to file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727 or an adversary proceeding alleging that certain of his debts are nondischargeable to the extent required by 11 U.S.C. § 523(c). *See In re Rubin*, No. 2:16-BK-12936 (RK), 2016 WL 4442846, at *2 (Bankr. C.D. Cal. Aug. 22, 2016) (granting extension where creditor made "showing that it [was] diligently pursuing its investigation").

## CONCLUSION

WHEREFORE, the United States requests entry of an order substantially in the form attached to the Motion as Exhibit A: (a) pursuant to Bankruptcy Rule 4004(b), extending the time to January 9, 2024, for the United States to file a complaint under 11 U.S.C. § 727 objecting to the Debtor's discharge in this case; and (b) pursuant to Bankruptcy Rule 4007, extending the time to January 9, 2024, for the United States to file an adversary proceeding alleging that certain of the Debtor's debts are non-dischargeable to the extent required by 11 U.S.C. § 523(c) and/or Rule 4007

Dated: September 22, 2023
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: */s/ Dana Walsh Kumar*
DANA WALSH KUMAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2641
E-mail: dana.walsh.kumar@usdoj.gov

**Via FedEx, ECF, and Email**:
Rahul Dev Manchanda
270 Victory Blvd. N
New Rochelle, New York 10801
[info@manchanda-law.com](mailto:info@manchanda-law.com)
[rdm@manchanda-law.com](mailto:rdm@manchanda-law.com)
*Chapter 7 Debtor*