DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: DANA WALSH KUMAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2741
E-mail: dana.walsh.kumar@usdoj.gov

Hearing Date: January 10, 2024
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RAHUL DEV MANCHANDA,<br><br>                               Debtor. | Chapter 7<br><br>Case No. 23-22095 (SHL) |

**REPLY IN FURTHER SUPPORT OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER EXTENDING THE DEADLINES TO OBJECT TO DISCHARGE AND FILE AN ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. § 727 AND/OR 11 U.S.C. § 523(c)**

TO:    THE HONORABLE SEAN H. LANE
          UNITED STATES BANKRUPTCY JUDGE

The United States of America (the "United States" or the "Government"), on behalf of the Internal Revenue Service ("IRS") and the Small Business Administration ("SBA"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, has moved this Court (a) pursuant to Federal Rule of Bankruptcy Procedure 4004(b), to extend the time to March 25, 2024, for it to file a complaint objecting to the discharge of Rahul Dev Manchanda ("Debtor") pursuant to 11 U.S.C. § 727; and (b) pursuant to Bankruptcy Rule 4007, to extend the time to March 25, 2024, for it to file an adversary proceeding opposing the dischargeability of Debtor's debts to the Government, to the extent required by 11 U.S.C. § 523(c) and/or Rule 4007. *See* ECF No. 97 (the "Motion"). On December 26, 2023, Debtor filed an opposition to the Government's

motion. *See* ECF No. 100 ("Opp."). In further support its motion, the United States respectfully argues as follows:

**ARGUMENT**

1. The Government respectfully seeks additional time to continue to investigate the financial affairs of the Debtor so it can determine whether it has grounds to object to Debtor's discharge under 11 U.S.C. § 727, and whether it should file an adversary proceeding objecting to the discharge of any of Debtor's debts to the Government pursuant to 11 U.S.C. § 523(a)(2), (4) or (6).

2. As explained in the Government's moving papers, "[i]n a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). The Court, after notice and a hearing, may extend this deadline, for cause, so long as the motion seeking an extension is filed prior to the deadline. *See In re McCormack*, 244 B.R. 203, 208 (Bankr. D. Conn. 2000) ("[A]ll that must occur before the discharge/dischargeability deadline is that a motion for extension be 'made', *i.e., filed*."). The same timing applies to a creditor's objection to the dischargeability of an individual's debt pursuant to § 523(a)(2), (4) or (6). *See* 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007.

3. In opposition, the Debtor argues that the Government has not established good cause for a further extension because it has not explained what discovery it conducted in the sixty days after the Section 341 creditors meeting, which documents he has provided and which are outstanding, and why those documents are important to the Government's investigation. *See* Opp. at 12. The Debtor also claims that he "exhaustively cooperated with the Government to the extent that he is able." *Id.* As set forth in the Motion and below, the Debtor has not complied with the

discovery requests issued to date and has not completed his Rule 2004 examination or answered material questions related to his finances. Accordingly, the Government needs additional time to ascertain whether he will produce the outstanding information or whether it may be available from a different source. There is thus good cause for the Government's requested extension.

### A. The Debtor's Discovery Responses Are Incomplete and Raise Further Questions

4. The Government's May 5, 2023, motion to extend time and seek discovery set forth the steps the Government had taken as of that date. ECF No. 33. The Court granted the Government's motion and extended the relevant deadlines to September 8, 2023. ECF No. 44.

5. The Government's September 7, 2023, motion to further extend the deadlines at issue set forth the additional steps the Government had taken as of that time. ECF No. 63. The questions raised in that motion are still outstanding since the Debtor has not completed his Rule 2004 examination and has caused delays in the requests for financial records from his banks. This establishes good cause for the Government's requested extension.

6. To summarize, since May 2023, the Government has worked with the Office of the United States Trustee ("UST") to gather relevant financial information from the Debtor. The Debtor initially refused to produce any additional documents or information, but later made three incomplete document productions on May 30, July 18, and August 6, 2023. The Government has identified additional information it needs beyond these materials to complete its investigation.

7. Significantly, the documents the Debtor produced did not indicate what he did with the proceeds from the $500,000 SBA loan to his law firm. While the Debtor's production included bank statements showing that this loan was deposited (in two installments) into his law firm's bank accounts, the full amount of each of those deposits was immediately withdrawn, and the records produced to date do not indicate where the funds went or what they were used for. The Debtor claims that "he was told to remove [the proceeds] from checking and place it into savings and back

3

again" because of a child support dispute. *See* Opp. at 5. In addition to this being a strange explanation, the records the Debtor has produced thus far do not show the loan proceeds being transferred "back" into any checking account for which the Government has records. Instead, there appear to be large amounts of money remaining in the savings accounts for which the Debtor produced incomplete records. And Debtor's purported explanation does not account for the timing of the two withdrawals, which took place approximately eighteen months apart, or explain how the funds were ultimately used after these account transfers. The Debtor admits that he "used the SBA loans intermingled with already existing balances over many years to partially pay for law office rent and as well as law office mortgage payments," Opp. at 6, which seems to indicate that he used SBA loan proceeds to pay the mortgage on his personal residence. The Government requires further information about the Debtor's use of the loan proceeds, which it intends to seek from the Debtor and the relevant financial institutions.

8. In addition, certain bank statements appear to be missing from the Debtor's productions. For example, for one savings account at CitiBank, the Debtor produced statements for just a single month, January 12 to February 8, 2021. For another account at TD Bank, the debtor produced statements only from August 2022 to December 2022, but it is unclear whether the account was active before then. The Court has granted the Government's application to subpoena the three relevant banks to ensure the Government has a complete set of records. ECF No. 93.

9. Furthermore, the Government has outstanding questions relating to the Debtor's purchase of his home in July 2022. Records from one of the law firm's bank accounts appear to show a disbursement for the downpayment used for the purchase of the home. The Debtor, however, produced only an incomplete set of statements for this account, and the source of the

downpayment funds is not apparent. The Government therefore intends to request further information about these funds from the Debtor and the bank in question.

10. In addition to the gaps in the productions to date, the Government has questions about the documents the Debtor has produced and his use of funds in the year before he filed for bankruptcy. Many of the 2022 bank statements the Debtor produced include handwritten notations, which appear to categorize business and personal expenses for tax purposes. The Debtor noted as business expenses many items that do not seem to fit into that category, such as mortgage payments for his primary residence and other items that appear unrelated to the business. This appears to be corroborated by the Debtor's produced tax returns, which include large business deductions. The Government intends to question the Debtor further about these expenses and his sources of income and disbursements in 2022.

**B. The Debtor Did Not Complete His Rule 2004 Deposition**

11. Furthermore, pursuant to the Court's order, the Government and the UST attempted to conduct a Rule 2004 deposition of the Debtor by Zoom on September 20, 2023. However, the Government and UST were unable to complete the questioning because the Debtor repeatedly interrupted the questions and refused to answer them, instead offering long, non-responsive answers and ad hominem attacks. As previously explained, approximately two and a half hours, the court reporter terminated the examination because she was unable to transcribe a clear record.

12. The parties agreed to continue the examination on November 6, 2023, but the Debtor did not appear at the time agreed upon because he stated that he was suffering health issues. The examination is now scheduled to take place on January 26, 2024. ECF No. 96.

13. For all of these reasons and for the reasons stated in the Motion, there is "good cause" to further extend the time for the United States to file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727 or an adversary proceeding alleging that certain of his debts

are nondischargeable to the extent required by 11 U.S.C. § 523(c). *See In re Rubin*, No. 2:16-BK-12936 (RK), 2016 WL 4442846, at *2 (Bankr. C.D. Cal. Aug. 22, 2016) (granting extension where creditor made "showing that it [was] diligently pursuing its investigation").

### C. Debtor's Threat of Sanctions

14. In his opposition, the Debtor makes multiple ad hominem attacks and threatens to move for sanctions against counsel for the Government. The Debtor's proposed sanctions motion is without any basis in law or fact, and seems only to be an impermissible means to harass. *See Malkan v. Mutua*, 699 F. App'x 81, 83 (2d Cir. 2017) (affirming denial of sanctions motion because the district court "reasonably found that the motion had no factual or legal basis, and was meant to harass"). The Government has addressed the Debtor's non-frivolous legal or factual arguments in its Motion and has established good cause for the requested extensions.

## CONCLUSION

WHEREFORE, the United States requests entry of an order substantially in the form attached to the Motion as Exhibit A: (a) pursuant to Bankruptcy Rule 4004(b), extending the time to March 25, 2024, for the United States to file a complaint under 11 U.S.C. § 727 objecting to the Debtor's discharge in this case; and (b) pursuant to Bankruptcy Rule 4007, extending the time to March 25, 2024, for the United States to file an adversary proceeding alleging that certain of the Debtor's debts are non-dischargeable to the extent required by 11 U.S.C. § 523(c) and/or Rule 4007.

Dated: January 5, 2024
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: */s/ Dana Walsh Kumar*
DANA WALSH KUMAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2641
E-mail: dana.walsh.kumar@usdoj.gov

**Via FedEx, ECF, and Email**:
Rahul Dev Manchanda
270 Victory Blvd. N
New Rochelle, New York 10801
info@manchanda-law.com
rdm@manchanda-law.com
*Chapter 7 Debtor*