**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| RAHUL DEV MANCHANDA, | Case No. 23-22095 (SHL) |
| Debtor. | |

--------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| MANCHANDA LAW OFFICE, PLLC, | Case No. 23-11805 (SHL) |
| Debtor. | |

--------------------------------------------------------------x

| | |
|---|---|
| DOUGLAS M. SENDEROFF, | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 23-07008 (SHL) |
| RAHUL DEV MANCHANDA, | |
| Defendant. | |

--------------------------------------------------------------x

| | |
|---|---|
| WILLIAM K. HARRINGTON, as United States Trustee for Region 2, | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 24-07009 (SHL) |
| RAHUL DEV MANCHANDA, | |
| Defendant. | |

--------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 24-07010 (SHL) |
| RAHUL DEV MANCHANDA, | |
| Defendant. | |

--------------------------------------------------------------x

**MEMORANDUM AND ORDER DENYING REQUESTS FOR CONTEMPT
AND/OR SANCTIONS AND ENJOINING FILINGS BY DEBTOR**

Before the Court are the following requests (collectively, the "Motions") filed by the

above-captioned Debtor/Defendant Rahul Dev Manchanda (the "Debtor"):[1]

- *Notice of Motion for Contempt of Court Against Andre De Castro, Blockchain of Things Inc, Quintanilla Law PLLC, Salvatore LaMonica, Trustee Gregory Zipes, Trustee Marianne O'Toole* and *Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 183; Case No. 23-11805, ECF No. 52];

- *Notice of Motion for Contempt of Court Against Andre De Castro, Blockchain of Things Inc, Byron Quintanilla Law PLLC, David Kaplan, Salvatore LaMonica, Trustee Gregory Zipes, Trustee Marianne O'Toole, AUSA Dana Walsh Kumar, Judge Suzanne Adams, and M.J. Vigilante* and *Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 184; Case No. 23-11805, ECF No. 53; Adv. Pro. No. 24-07009, ECF No. 36; Adv. Pro. No. 24-07010, ECF No. 45];

- *Notice of Motion for Contempt of Court Against Lawyers Fund for Client Protection, Michael Knight, Amguard Insurance Company, Eric Weissman, Keith Grunberg-Daniels, NYS Department of Financial Services Charles Costello, Jeremy Shockett, William Rhule, Melanie Sentin, and Patricia Valencia* and *Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 186; Case No. 11805, ECF No. 55];

- *Notice of Motion for Contempt of Court Against Payarc, Payment Cloud Inc, Lisette Barajas, Shawn Silver, Merlinkresponse.com, Tsys, Payjunction.com, Julio Loaiza, Roberto Swartz, Amguard Insurance, Eric Weissman, Keith Grunberg-Daniels, Sonia Chacon Anaya, NYS Department of Financial Services* and *Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 187; Case No. 23-11805, ECF No. 56].

- *Notice of Motion for Contempt of Court Against Anna Flores, Bethzabeth Flores, Tanya Faye Chief Clerk Of NYC Civil Court, Amguard Insurance, Cassie Vasicak, NYS Department Of Financial Services* and *Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 203; Case No. 23-11805, ECF No. 70];

- *Notice of Motion for Contempt of Court Against Micah Lopez, Lawyers Fund For Client Protection, Michael Knight, Attorney Remi Shea* and *Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 207; Case No. 23-11805, ECF No. 74].

Each of the Motions requests contempt against certain parties for alleged violations of the

automatic stay under Section 362 of the Bankruptcy Code.  The Debtor has previously filed

repeated requests for contempt and/or sanctions in the above-captioned bankruptcy cases and

---

[1]    Unless otherwise noted, all Case Management/Electronic Case Filing ("ECF") references are to Case No. 23-22095.  As identical pleadings were often filed in several of the above-captioned cases, for purposes of brevity and clarity the Court will often cite only to Case No. 23-22095 unless otherwise necessary for explanatory purposes.

adversary proceedings against many individuals, including, among others, federal and state judges that have presided over cases involving the Debtor. *See, e.g., Motion for Contempt of Court Against NYS Supreme Court Judge Dakota Ramseur* [Case No. 23-22095, ECF No. 128]; *Motion for Contempt of Court Against Kings County Civil Court Judge Pamela Fynes, Sakoe Jaja, Arbitrator Barry Clarke & Trustee Salvatore LaMonica* [Case No. 23-22095, ECF No. 129; Case No. 23-11805, ECF No. 28]; *Motion for Contempt of Court Against Hon. Steven Mostofsky, Karen Sager Goldberg, Edwin Williams, Hon. Rachel Adams, Robert Ugelow* [Case No. 23-11805, ECF No. 12]; *Motion for Contempt of Court Against Zeichner Ellman & Krause LLP, IPFS Corporation, Lisa Chandler, Robert Guttmann, Michael Davis* [Case No. 23-11805, ECF No. 13; Case No. 23-11805, ECF No. 13]; *Motion for Contempt of Court Against US Court of Appeals Second Circuit Judge Alison Nathan, Richard Lohier, and Joseph Bianco* [Case No. 23-22095, ECF No. 146; Case No. 23-11805, ECF No. 33]; *Motion for Contempt of Court Against SDNY Judge Naomi Reice Buchwald* [Case No. 23-22095, ECF No. 147; Case No. 23-11805, ECF No. 34]; *Motion of Contempt of Court Against Kevis Nixon* [Case No. 23-22095, ECF No. 151; Case No. 23-11805, ECF No. 37].[2]

Each of the Debtor's prior requests for contempt have been denied by the Court. In these denials, the Court has repeatedly cautioned the Debtor against bringing motions without a basis in law or fact. For instance, at a hearing held on September 12, 2024, the Court issued a decision from the bench denying numerous requests by the Debtor for contempt. *See, e.g.,* Sept. 12, 2024 Hr'g Tr. [Case No. 23-22095, ECF No. 168]; *Order on Pending Matters* [Case No. 23-22095, ECF No. 158]. The Court directed the Debtor to refrain from filing improper pleadings that contain scandalous or offensive material, or from filing pleadings that lack a basis in law or fact.

---

[2]    The Debtor has even previously requested sanctions against some of the same parties for whom he now seeks contempt in these Motions. *See, e.g., Motion for Rule 11 Sanctions Against AUSA Dana Walsh Kumar* [Adv. Pro. No. 24-07010, ECF No. 7]; *Motion for Rule 11 Sanctions Against AUST Gregory Zipes* [Adv. Pro. No. 24-07009, ECF No. 5].

*See Order on Pending Matters* [Case No. 23-22095, ECF No. 158]. The Court advised the

Debtor that filing such pleadings would render him subject to sanctions under Fed. R. Bankr. P.

9011 and 28 U.S.C. § 1927, up to and including a filing ban. *See id.* Despite this, the Debtor has

continued to file a flurry of contempt motions, including the current group of Motions.

In assessing these Motions, the Court also takes note of the Debtor's lengthy and

extensive history of vexatious and frivolous litigation both in this and other courts. *See, e.g.,*

*Manchanda v. Matties*, 2020 WL 1940668, at *3 (S.D.N.Y. Apr. 22, 2020) ("In recent years,

numerous lawsuits brought by [Mr. Manchanda] have been dismissed as frivolous.") (citing

cases); *see id.* at *3 ("[Manchanda] has repeatedly been warned that he will be barred from filing

suit in this District if he continues to file frivolous actions."); *Manchanda v. Attorney Grievance*

*Comm. for the First Judicial Dep't*, 2023 WL 3091787, at *2 (S.D.N.Y. Apr. 26, 2023) (noting

that Mr. Manchanda has been "warned [of] the continued filing of frivolous or meritless lawsuits

would result in an order . . . barring [him] from filing any new action in this Court without prior

permission"); *Manchanda v. Rosenbery*, 2016 U.S. Dist. LEXIS 200100, *7 n.2 (S.D.N.Y. Dec.

27, 2016) ("The Court will remind Mr. Manchanda one last time that he will be barred from

filing suit in this Court if he continues to file frivolous action."); *Manchanda v. Bose*, 2015 U.S.

Dist. LEXIS 197299, *10 (S.D.N.Y. Apr. 16, 2015) ("[Mr. Manchanda] is warned that the

continued filing of frivolous or meritless lawsuits will result in an order barring [him] from filing

any new action in this Court without prior permission . . . . This warning is necessary in light of

[his] continuing filing of these types of frivolous and meritless submissions."); *see also Williams*

*v. Office of Child Support*, 2023 U.S. Dist. LEXIS 41740, at *16 (S.D.N.Y. March 3, 2023)

(noting that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits,

courts may impose sanctions, including restrictions on future access to the judicial system" and

applying non-monetary sanctions under Fed. R. Civ. P. 11 in the form of a filing injunction that

prohibited the plaintiff from filing any new cases against the defendant in the jurisdiction without first obtaining leave of the court).  Given this history of vexatious conduct, the Debtor has been barred from filing litigation in the District Court for the Southern District of New York without first seeking court approval.  *See Manchanda v. Walsh*, 2024 WL 455204, at \*6–9 (S.D.N.Y. Feb. 5, 2024), *appeal dismissed*, 2024 WL 5412393 (2d Cir. Sept. 25, 2024) (noting that for years, the Debtor has flouted warnings from the Second Circuit and other courts in the jurisdiction by continuing to file baseless and offensive lawsuits without regard to the burdens imposed on the courts and the parties, necessitating a filing injunction on the Debtor that requires the Debtor to seek prior leave of court to file any lawsuits in the jurisdiction).

Each of the Motions currently before the Court was accompanied by a "Notice of Motion" that set a hearing without the Debtor having first contacted the Court for a hearing date, as required by Rule 5070-1 of the Local Bankruptcy Rules for the Southern District of New York and the Chambers Rules of Judge Sean H. Lane.  *See* Local Bankruptcy Rule 5070-1 ("Unless the Court orders otherwise, prior to serving a motion, cross-motion or application, the moving party or applicant must obtain a return date from the assigned Judge's chambers."); Chambers Rules of Judge Sean H. Lane, Scheduling ("Pursuant to Local Rule 5070-1, a moving party or applicant must contact Chambers to obtain a hearing date prior to filing and serving a motion, cross-motion, application or any other request for relief requiring a hearing.  All scheduling requests should be directed to Courtroom Deputy Liza Ebanks at shl.orders@nysb.uscourts.gov.").

The Court therefore entered an *Order Scheduling Hearing* [Case No. 23-22095, ECF No. 199; Case No. 23-11805, ECF No. 68], scheduling the Motions for a hearing on April 9, 2025 (the "April Hearing").  Approximately two hours before the April Hearing, the Court received an email from the Debtor stating that he was unable to attend the April Hearing due to medical issues.  *See Debtor's Email to Court*, dated April 9, 2025 [Case No. 23-22095, ECF No. 209;

Case No. 23-11805, ECF No. 75]. This is not the first time that the Debtor has failed to appear

for a hearing after providing essentially no notice to the other parties, which is concerning given

the Debtor's extensive history as a vexatious litigant. *See, e.g., Order Regarding Scheduling of*

*Hearing* [Case No. 23-22095, ECF No. 136]; Hr'g Tr. 3:2–25 (Nov. 7, 2023) [Case No. 23-

22095, ECF No. 84]. Since a large number of the counterparties to the Motions appeared for the

April Hearing, the Court proceeded with that hearing for administrative and scheduling purposes

only. At that time, the Court observed that it could dispose with some of the issues raised in the

Motions based simply on the allegations in the pleadings, while other issues might benefit from

additional briefing or substantive argument. The Court subsequently entered an *Order*

*Scheduling Hearing* [Case No. 23-22095, ECF No. 211; Case No. 23-11805, ECF No. 77] (the

"Scheduling Order"), in which the Court scheduled the Motions for a hearing on May 13, 2025.

*See id.* at 3. But the Court noted that "if the Court is able to dispose of the issues raised in the

Motions based solely on the pleadings submitted, the Court will issue such rulings on the

Motions [before the May hearing] through written orders and/or decisions. . . ." *Id*. at 3. The

Scheduling Order also provided a deadline for the filing of additional responses to the Motions

and a reply to the Motions. *See id.* at 4.

    A. <u>Motions Against Certain Parties Can Be Disposed of on the Pleadings</u>

    All of the Debtor's Motions rest upon the protection of the automatic stay that is afforded

a debtor in bankruptcy and the Debtor's view that this protection has been violated. Section

362(k) of the Bankruptcy Code provides that "an individual injured by any willful violation of a

stay provided by this section shall recover actual damages, including costs and attorneys' fees,

and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Relief

under Section 362(k) is limited to natural persons and is not available to corporate debtors, for

whom "contempt proceedings are the proper means of compensation and punishment for willful

violations of the automatic stay." *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 184–87 (2d Cir. 1990). The burden to prove a violation of the automatic stay is on the "party seeking to hold another in civil contempt," and the violation must be established "by clear and convincing evidence." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (internal citations and quotations omitted); *see also In re Chemtura Corp.*, 2016 Bankr. LEXIS 4056, *71 (Bankr. S.D.N.Y. Nov. 23, 2016) ("The burden is on the movant to demonstrate contempt of the offending party by clear and convincing evidence.").

The clearest way to address the Motions is to divide them into groups of similarly situated individuals.

1. <u>*Assistant United States Attorney Dana Walsh Kumar and Trial Attorney Greg Zipes*</u>

Dana Walsh Kumar, as an Assistant United States Attorney, represents the Internal Revenue Service and the Small Business Administration in the above-captioned bankruptcy cases, while Greg Zipes has participated in the above-captioned bankruptcy cases as the Trial Attorney from the Office of the United States Trustee. Ms. Kumar and Mr. Zipes have filed adversary proceedings on behalf of the entities they represent, both of which seek to deny the Debtor a discharge under Section 727 of the Bankruptcy Code or, in the alternative, seeking to find certain claims against the Debtor nondischargeable under Section 523 of the Bankruptcy Code. *See generally Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A) and 727(a)(5)* [Adv. Pro. No. 24-07009, ECF No. 1]; *Complaint to Object to Discharge or, Alternatively, Determine Nondischargeability* [Adv. Pro. No. 24-07010, ECF No. 1].

A number of the Debtor's Motions make accusations against Ms. Kumar and Mr. Zipes alleging violations of the automatic stay and seeking contempt against them for those alleged violations. *See, e.g.,* Case No. 23-22095, ECF No. 183 at PDF Page 1 of 7 (Debtor alleging

violations and seeking sanctions against Ms. Kumar for "choos[ing] to torture Debtor" and

against Mr. Zipes for "continu[ing] to ignore Debtor's frantic written pleadings to get involved

and collect his money owed, in order to pay any or all of his alleged debts in the above

referenced two bankruptcy cases, all of whom are content to simply torture Debtor for the last 2

years, proverbially squeezing blood from a stone . . . ."); *see id.* at PDF Pages 3–4 of 7 (same);

Case No. 23-22095, ECF No. 184 at PDF Page 1 of 11 (stating that Ms. Kumar "instead chooses

to torture Debtor who has no substantial fully owned assets in this court dragging this bankruptcy

case on for 2 years, filing adversary proceedings, and ignoring this matter, while AUST Gregory

Zipes does the same. . . ."); *see id.* at PDF Page 4 of 11 (same).

But the Court rejects the Motions as to Ms. Kumar and Mr. Zipes as entirely meritless.

"As a general principle, a government attorney is entitled to absolute immunity when functioning

as an advocate of the state in a way that is intimately associated with the judicial process."

*Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (internal citations omitted).  Indeed,

"[i]t is well-settled law that in initiating a prosecution and in presenting the State's case, [a]

prosecutor is immune from a civil suit for damages."  *Id.* (internal citations and quotations

omitted).  This principle includes "the functions of a government attorney that can fairly be

characterized as closely associated with the conduct of litigation or potential litigation in civil

suits. . . ."  *Id.* (internal citations and quotations omitted).  As is clear from the face of the

pleadings, the Debtor's allegations against Ms. Kumar and Mr. Zipes relate to their participation

in these cases on behalf of the government agencies that they represent and, therefore, absolute

immunity therefore bars the Debtor's request for contempt or sanctions against them.  The

Debtor has identified nothing in his Motions against Ms. Kumar and Mr. Zipes that qualifies as

improper conduct, but simply reflects the Debtor's unhappiness that these government attorneys

do not agree with the Debtor's legal and factual arguments.  Indeed, it is the Debtor's conduct as

to these attorneys that has been sanctionable given that he has repeatedly hurled invective and slurs against these attorneys throughout the case. *See infra* Section B; *see, e.g., Order Further Extending Time to File: (I) Motion to Dismiss Pursuant to 11 U.S.C. § 707; and (II) Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727* [Case No. 23-22095, ECF No. 76] (striking Debtor's sur-reply in part because it contains scandalous materials relating to Ms. Kumar and Mr. Zipes); *Order Extending Deadlines* [Case No. 23-22095, ECF No. 77] (same); *Order on Pending Matters* [Case No. 23-22095, ECF No. 158] (granting request of Ms. Kumar to strike pleading of Debtor that contained "scandalous, irrelevant and offensive material" relating to her). The Motions are therefore denied with respect to Ms. Kumar and Mr. Zipes.

　　2. *Chapter 7 Trustees Marianne O'Toole and Salvatore LaMonica*

　　Marianne O'Toole serves as the Chapter 7 Trustee in *In re Rahul Dev Manchanda*, Case No. 23-22095, and Salvatore LaMonica serves as the Chapter 7 Trustee in *In re Manchanda Law Office PLLC*, Case No. 23-11805.[3]  Several of the Motions name Ms. O'Toole and Mr. LaMonica as parties that have violated the automatic stay and seek contempt against them.  The Motions do not point to any affirmative acts that either Trustee has taken against the Debtor, but instead complain about a perceived lack of action by Ms. O'Toole and Mr. LaMonica.  *See, e.g.,* Case No. 23-22095, ECF No. 183 at PDF Page 1 of 7 (Debtor alleging violations and seeking sanctions for Ms. O'Toole and Mr. LaMonica "continu[ing] to ignore Debtor's frantic written pleadings to get involved and collect his money owed, in order to pay any or all of his alleged debts in the above referenced two bankruptcy cases, all of whom are content to simply torture Debtor for the last 2 years, proverbially squeezing blood from a stone . . . ."); *see id.* at PDF Pages 3–4 of 7 (same); *see id.* at PDF Page 2 of 7 (stating that Ms. O'Toole and Mr. LaMonica "literally do not even return Debtor's countless emails and requests, they do nothing, hearing

---

[3]　　The Debtor served as the principal of Manchanda Law Office, PLLC ("Manchanda Law Firm" and, together with the Debtor, the "Debtors").

after hearing. . . ."); *see id.* at PDF Page 4 of 7 (same); Case No. 23-22095, ECF No. 184 at PDF

Pages 1–2 of 11 (stating that Ms. O'Toole and Mr. LaMonica "continue to ignore Debtor's

frantic written pleadings to get involved, whom Judge Sean Lane has stated in court that it is

their responsibility as estate administrator, including any and all lawsuits to collect his money

owed, in order to pay any or all of his alleged debts in the above referenced two bankruptcy

cases, all of whom are content to simply torture Debtor for the last 2 years, proverbially

squeezing blood from a stone . . . ."); *see id.* at PDF Pages 4–5 of 11 (same); *see id.* at PDF Page

2 of 11 (accusing trustees of doing nothing); *see id.* at PDF Page 5 of 11 (same).

But once again, the Debtor's Motions completely miss the mark. "[A] bankruptcy trustee

and [their] retained professionals, like other 'court appointed officers who represent the estate are

. . . entitled to . . . immunity where they act at the direction of the trustee and for the purpose of

administering the estate or protecting its assets.'" *Wilson v. Nandalal Corp. (In re*

*Cumberbatch)*, 657 B.R. 683, 700 (Bankr. E.D.N.Y. 2024) (quoting *Lunan v. Jones (In re*

*Lunan)*, 489 B.R. 711, 729 (Bankr. E.D. Tenn. 2012)). Thus, "[a] bankruptcy trustee is 'entitled

to broad immunity from suit when acting within the scope of his authority and pursuant to court

order.'" *Id.* (quoting *In re Lunan*, 489 B.R. at 729). Indeed, where—as here—a bankruptcy

trustee is sued in his or her individual capacity, they are entitled to absolute immunity for their

actions. *See Reisner v. Stoller*, 51 F. Supp. 2d 430, 445–46 (S.D.N.Y. 1999) (citing *Boullion v.*

*McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981) (recognizing derived judicial immunity for

bankruptcy trustees who act under the supervision of and subject to the orders of the bankruptcy

court). "[A] trustee will enjoy absolute immunity so long as he does not act in the clear absence

of all jurisdiction, or at least acts under the supervision of the bankruptcy judge." *Id.* at 446

(quoting *Howard v. Leonard*, 101 B.R. 421, 423 (D.N.J. 1989)).

The Debtor has made no credible allegations that indicate the Chapter 7 Trustees have acted outside the scope of their authority or the direction of this Court. They are therefore entitled to absolute immunity, which bars the Debtor's request for sanctions against them. The Motions are therefore denied with respect to Ms. O'Toole and Mr. LaMonica.

3. *The State Court Litigation Counterparties*

Several of the Motions seek contempt and sanctions against certain individuals in a state court action brought by the Debtor as plaintiff. *See generally Rahul Manchanda v. Blockchain of Things, Inc.*, Index No. 656523/2019 (N.Y. Supreme Court, N.Y. County) (the "State Court Action"). These individuals (collectively, the "State Court Parties") include: (1) Blockchain of Things Inc. ("Blockchain"), the defendant in the State Court Action; (2) Andre De Castro, the president of Blockchain; (3) Byron Quintanilla and Quintanilla Law, counsel to Blockchain and Mr. De Castro; (4) David Kaplan, counsel to Blockchain and Mr. De Castro; (5) the Honorable Suzanne Adams, the presiding judge in the State Court Action; and (6) M.J. Vigilante, a State Court employed Early Settlement Conference Attorney that has participated in the State Court Action. *See generally* Case No. 23-22095, ECF No. 183; Case No. 23-22095, ECF No. 184.

The State Court Action was initiated by the Debtor in 2019, prior to the filing of the above-referenced bankruptcy cases. *See Summons* and *Verified Complaint*, attached as Exhibit 1 to *Opposition of the Hon. Suzanne Adams and Miles Vigilante, Esq. to Debtor's Motion for Civil and Criminal Contempt* [Case No. 23-22095, ECF No. 193; Case No. 23-11805, ECF No. 62] (the "State Court Opposition"). Blockchain filed an answer in June 2020 and did not assert any counterclaims. *See Verified Answer and Affirmative Defenses*, attached as Exhibit 2 to State Court Opposition.

The Debtor asserts that the State Court Parties have violated the automatic stay by "continuing to engage in court proceedings in [t]his lower court case since 2019" and specifically

cites to the scheduling of an "in-person settlement conference" in the State Court. Case No. 23-22095, ECF No. 183 at PDF Pages 1–2 of 7; *see id.* at PDF Pages 3–4 of 7 (same); *see also* Case No. 23-22095, ECF No. 184 at PDF Pages 1–2 of 11 (discussing in person pre-trial conference scheduled before Judge Adams and stating that attorney David Kaplan "continues to appear, attend, and testify in that court without the presence of Debtor or the notified Trustees, changing and skewing and influencing the case outcome in direct and wilful [sic] violation of this bankruptcy court's stay. . . ."); *see id.* at PDF Pages 4–5 of 11.

But in seeking sanctions against parties who are defendants in a litigation that was filed by the Debtor, Mr. Manchanda misunderstands how the automatic stay works. "Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against 'the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case.'" *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (emphasis added) (quoting 11 U.S.C. § 362(a)(1)). As a result, courts in this jurisdiction have held that the automatic stay is inapplicable to suits brought *by* a bankrupt debtor. *See Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531, 593 (S.D.N.Y. 2024) ("[T]he automatic stay is applicable only to proceedings 'against' the debtor.") (citing *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989); *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) (per curiam)); *In re Berry Ests., Inc.*, 812 F.2d 67, 71 (2d Cir. 1987) ("The State court actions were brought by [debtor] and were not subject to . . . an automatic stay. . . ."); *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) ("Section 362 by its terms only stays proceedings against the debtor."). "Whether an action or proceeding is 'against' the debtor is determined by the posture of the parties at the commencement of the action or proceeding. . . ." *Koolik*, 40 F.3d at 568. "Even if

it would have an adverse impact on the property of the bankruptcy estate, an action against a third party is not subject to the automatic stay unless it is 'legally certain[] to impact estate property.'" *Eletson Holdings*, 731 F. Supp. 3d at 593 (quoting *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 208 (2d Cir. 2014)).

In his reply, the Debtor states that "[n]o litigation, or settlement conference, or appearance by the Debtor, should either be scheduled, or held, until and unless these bankruptcy proceedings are concluded, in order to avoid interfering with property owned by the 2 Bankruptcy Estates." *Debtor Reply Affirmation in Opposition to Assistant Attorney General Leo Gagion Representing Judge Suzanne Adams and Miles Vigilante, Esq. to Debtor's Motion for Civil and Criminal Contempt* ¶ 6 [Case No. 23-22095, ECF No. 196]. But the State Court Action was brought by the Debtor himself and Blockchain has not filed any counterclaims against the Debtor. Thus, there is no reason to believe that continuing with the State Court Action would have an adverse impact on the property of the Debtor's estate, let alone a legal certainty that it will do so. *See Picard*, 762 F.3d at 208. The automatic stay is therefore inapplicable to the State Court Parties and the Debtor's Motions with respect to them are denied.

4. *AmGUARD Insurance Company, Keith Grunberg-Daniels and Cassie Vasicak*

AmGUARD Insurance Company ("AmGUARD") was the professional liability insurance provider for the Manchanda Law Firm under Lawyers Professional Liability Policy No. MAPL463121 (the "Policy").[4] The Policy was executed after the Manchanda Law Firm filed for bankruptcy on November 13, 2023, and covered the period from December 4, 2023 to December 4, 2024. *See id.* Mr. Grunberg-Daniels and Ms. Vasicak are employed by AmGUARD (collectively, the "AmGUARD Parties"). *See AmGUARD Insurance Company and*

---

[4]     A copy of the Policy is attached as Exhibit A to the *Declaration of Jon T. Powers in Support of AmGUARD Insurance Company and Keith Grunberg-Daniels': (I) Objection to Motions for Contempt; and (II) Request for Order: (A) Imposing Sanctions; and (B) Barring Further Frivolous Filings Absent Leave of Court* [Case No. 23-22095, ECF No. 191-1] (the "Powers Declaration").

*Keith Grunberg-Daniels': (I) Objection to Motions for Contempt; and (II) Request for Order:*
*(A) Imposing Sanctions; and (B) Barring Further Filings Absent Leave of Court* at 4 [Case No.
23-22095, ECF No. 191; Case No. 23-11805, ECF No. 60] (the "AmGUARD Objection").  In its
papers, AmGUARD explains that the Manchanda Law Firm and the Debtor have filed numerous
"claims" under the Policy, demanding that AmGUARD either indemnify the Debtors against
allegations made by the Debtors' former clients and the New York State Attorney Grievance
Committee, or that AmGUARD provide legal counsel to the Debtors to defend against such
allegations.  *See* AmGUARD Objection at 5.  In each instance, AmGUARD maintains that its
obligations under the Policy have not been triggered and AmGUARD was not required to
indemnify or defend the Debtors as demanded.  *See id.* at 5, 8.

In the Motions, the Debtor accuses AmGUARD of "enabling" a violation of the
automatic stay.  *See* Case No. 23-22095, ECF No. 186 at PDF Page 1 of 35; *see id.* at PDF Page
3 of 35; Case No. 23-22095, ECF No. 187 at PDF Page 1 of 78 *see id.* at PDF Page 3 of 78; Case
No. 23-22095, ECF No. 203 at PDF Page 3 of 16.  The attachments to some of the Motions
include references to the Debtor submitting claims to AmGUARD, as well as letters to the
Manchanda Law Firm from AmGUARD denying claims and complaints filed by the Debtor
against AmGUARD with the New York State Department of Financial Services for failure of
AmGUARD to provide legal counsel to the Debtors.  *See* Case No. 23-22095, ECF No. 203 at
PDF Pages 12–14 (letter from AmGUARD to the Manchanda Law Firm denying claim); Case
No. 23-22095, ECF No. 186 at PDF Page 17 of 35 (email of Debtor referencing submitting
matter to AmGUARD), *see id.* at PDF Page 22 of 35 (same); *see id.* at PDF Page 24 of 35 (email
from Debtor noting that Debtor impleads AmGUARD and countersues attorney and his client);
*see id.* at PDF Pages 32–33 of 35 (complaint filed by Debtor with NYS Department of Financial
Services against AmGUARD "demand[ing] immediate assignment of legal counsel otherwise we

will formally escalate this matter to the authorities legally and equitably[]" and stating that a fair

resolution of the complaint would be "[c]overage under my fully paid for policy, assignment of

counsel to defend us[.]").[5]

> As to the AmGUARD Parties, the Debtor further complains that
>
> [a]s a preliminary matter, the gaslighting and whining from the multi-billion
> dollar insurance company AMGuard which has denied 100% of all *bona fide*
> claims put in front of it, while Debtor has dutifully paid 100% of their premiums
> for defense counsel is breathtaking—AmGuard is simply a 'snakeoil salesman'
> who takes premiums and then denies all of them, thus compounding Debtor's
> claims and attacks against him, emboldening all those who would violate the
> automatic bankruptcy stay on both cases referenced above.  Not only would
> AMGuard not cover these legitimate bona fide claims, but they would actually
> exacerbate and encourage stay violators to proceed with their attacks by cc'ing
> their disrespectful, goading, mocking, and insulting claim denials directly to those
> individuals/entities that were violating the bankruptcy stays.

*Debtor Reply Affirmation in Opposition to Amguard Insurance Company and Keith Grunberg-*

*Daniels': (I) Objection to Motions for Contempt; and (II) Request for Order: (A) Imposing*

*Sanctions; and (B) Barring Further Filings Absent Leave of Court* ¶¶ 1–2 [Case No. 23-22095,

ECF No. 198; Case No. 23-11805, ECF No. 67].

But once again, the Debtor misses the mark.  When a liability insurer such as

AmGUARD merely denies a claim and does not pay as requested by the debtor, that conduct,

standing alone, is not a violation of the stay.  *See Grochocinski v. Allstate Ins. Co. (In re*

*Lyckberg)*, 310 B.R. 881, 891 (Bankr. N.D. Ill. 2004); *see also Benz v. DTRIC Ins. Co. (In re*

*Benz)*, 368 B.R. 861, 865 (9th Cir. B.A.P. 2007) ("[A]n insurer's postpetition denial of a claim

---

[5]        *See also* Case No. 23-22095, ECF No. 186 at PDF Page 35 of 35 (complaint filed by Debtor with NYS
Department of Financial Services against AmGUARD stating that "AMGuard Insurance company is deliberately not
responding to our claim from months ago in violation of speedy resolution of this below matter covered under our
policy, where we are again forced to defend ourselves" and stating that a fair resolution to the complaint would be
for AmGUARD to "[g]et off their ass."); Case No. 23-22095, ECF No. 187, *passim* (attachments showing Debtor
forwarding numerous emails to AmGUARD as "new claim(s)"); Case No. 23-22095, ECF No. 203 at PDF Page 16
of 16 (complaint filed with NYS Department of Financial Services by Debtor against AmGUARD stating that
"[o]nce again the scumbags over at AMGuard denies insurance claim policy coverage not for their usual faux reason
of 'Exclusion A' wherein a claimant uses a 'word' such as 'dishonesty' (total bullshit) but this time, emboldened by
their being given a pass over and over to not honor Insured's fully paid for policy[] . . . .").

does not violate the automatic stay."). "Communication by an insurer of its position that an insurance policy excludes or otherwise does not cover a claim is not 'an act to exercise control over property of the estate' under [S]ection 362(a)(3) and no other provision of [S]ection 362 comes close to applying in this case." *In re Benz*, 368 B.R. at 865 (quoting 11 U.S.C. § 362(a)(3)). "Congress clearly knew how to identify acts requiring relief from the stay, but did not include a provision staying a party's refusal to perform actions not required by a contract or even staying breaches of a contract. . . . [I]t stretches the plain meaning of [S]ection 362 to require a contracting party to obtain relief from the stay before refusing to perform under a contract." *Id.* (internal citations and quotations omitted).

With respect to AmGUARD, the Debtor also argues that "co-contemnors of willful violators of the automatic stay . . . will also be held liable if they actively aid, abet, encourage, advise, and counsel others to otherwise violate the stay, whether by action, or inaction." *See Debtor Reply Affirmation to Attorney Jon T. Powers of Amguard Insurance "Supplemental" Response to Motion for Civil and Criminal Contempt* ¶¶ 1, 7 [Case No. 23-22095, ECF No. 228]; *see also Debtor Reply Affirmation in Opposition to Amguard Insurance Company and Keith Grunberg-Daniels': (I) Objection to Motions for Contempt; and (II) Request for Order: (A) Imposing Sanctions; and (B) Barring Further Filings Absent Leave of Court* ¶ 17 [Case No. 23-22095, ECF No. 198] ("[A]s co-contemnors, they aided and abetted, enabled, and encouraged various bankruptcy stay violators to commence or continue judicial process or actions against debtor, took actions to obtain possession of property of the estate or property from the estate or to exercise control thereof, as well as took acts to collect, assess, recover a claim against debtor that arose before the commencement of the case in violation of 11 U.S.C. § 362(a)."). The Debtor asserts that "other co-contemnors have actually named and listed various AMGuard personnel in their defensive responses to Debtor's contempt motions, or even in their affirmative

attacks, rather than what should be a relationship characterized by the duties of loyalty, and fiduciary duty." *Debtor Reply Affirmation to Attorney Jon T. Powers of AMGuard Insurance "Supplemental" Response to Motion for Civil and Criminal Contempt* ¶ 2 [Case No. 23-22095, ECF No. 228].[6]

But there is no evidence of such behavior provided by the Debtor. The attachments to the Motions include email correspondence between counsel to AmGUARD and counsel to Mr. Costello, a former client of the Debtor's. The correspondence appears to begin with counsel to Mr. Costello sending a demand letter to AmGUARD for a claim against the Debtor. Case No. 23-22095, ECF No. 186 at PDF Page 27 of 35. In response, counsel to AmGUARD states that AmGUARD had issued a "disclaimer" letter to the insured with respect to Mr. Costello's claim and that such letter could not be released without the insured's consent. *See id.* at PDF Pages 25–26 of 35 (email correspondence between Mr. Weissman as counsel for AmGUARD and Mr. Shockett as counsel to Mr. Costello). None of this—and nothing else in the Motions or their attachments—supports the Debtor's contention that AmGUARD has colluded, taken an active part in, or contributed to a violation of the automatic stay. Moreover, none of the cases cited by the Debtor support, or even discuss, the Debtor's arguments and legal theory regarding AmGUARD aiding and abetting stay violations.[7] Because the AmGUARD Parties only denied

---

[6]        *See also Debtor Reply Affirmation in Opposition to Amguard Insurance Company and Keith Grunberg-Daniels': (I) Objection to Motions for Contempt; and (II) Request for Order: (A) Imposing Sanctions; and (B) Barring Further Filings Absent Leave of Court* ¶ 5 [Case No. 23-22095, ECF No. 198] (stating that AMGUARD made Debtor's "situation worse by legally advising the stay violators on how to continue to torment the Debtor."); *see id.* ¶ 6 (stating that AmGUARD "held sidebar and *ex parte* communications with Debtor's various stay violators and encouraged, emboldened, and advised them on how to further torment Debtor with their stay violations, even after being warned to cease and desist.").

[7]        None of the cases cited by the Debtor discuss co-contemnors to stay violations and whether they should be held liable. In the case of *In re Solis*, 137 B.R. 121 (Bankr. S.D.N.Y. 1992), the court imposed damages on the Internal Revenue Service for willful violation of the automatic stay as a result of postpetition attempts to collect tax liabilities from the debtor. The court in *In re Brockington*, 129 B.R. 68 (Bankr. D.S.C. 1991) held that a company hired to repossess the debtor's automobile violated the automatic stay because its agent was told of the bankruptcy filing but proceeded with the repossession anyway. The case of *In re Zunich*, 88 B.R. 721 (Bankr. W.D. Pa. 1988) actually works against the Debtor. That case held that a violation of the automatic stay took place when a creditor and his counsel accepted, deposited and retained funds garnished postpetition by the debtor's bank due to a writ of

coverage or defense under the terms of the Policy, and informed others contacting AmGUARD

of that denial, the Court finds that their actions did not violate the automatic stay and the Motions

with respect to the AmGUARD Parties are denied.

### B.  Filing Injunction

A request has been made for the Court to institute a filing injunction against the Debtor

with respect to motions for contempt.  *See AmGUARD Insurance Company and Keith Grunberg-*

*Daniels': (I) Objection to Motions for Contempt; and (II) Request for Order: (A) Imposing*

*Sanctions; and (B) Barring Further Filings Absent Leave of Court* at 16–18 [Case No. 23-22095,

ECF No. 191] (requesting bar against the filing of further motions for contempt absent leave of

the Court).

A federal court has the authority to restrict a litigant's ability to submit pleadings when

the litigant "abuse[s] the process of the [c]ourts . . . with meritless, frivolous, vexatious or

repetitive [filings]."  *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981); *see also*

*Safir v. United States Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may

but should protect its ability to carry out its constitutional functions against the threat of onerous,

multiplicitous, and baseless litigation.") (internal citation and quotation omitted); *Lau v.*

*Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the

obligation to protect the public and the efficient administration of justice from individuals who

have a history of litigation entailing vexation, harassment and needless expense to [other parties]

---

execution that was issued prior to the bankruptcy filing.  *See id.* at 724–25.  But the court denied a request for
damages because the creditor and its attorney did not willfully violate the automatic stay because counsel thought
his actions were excepted from the stay and his actions were not egregious or aggressive enough to meet the
standard for willfulness.  *See id.* at 726.  And in *Cunningham v. Sports and Imports, LLC*, 2017 Bankr. LEXIS 2099
(Bankr. W.D. Ark. July 27, 2017), the court did not even consider the debtor's complaint for violation of the
automatic stay, instead abstaining from hearing the case under 28 U.S.C. § 1334(c)(1) because the putative debtor
was not eligible to be a debtor under Section 109(h).  *See id.* at *6–8 .  The court found that allowing the debtor to
pursue a violation of the stay would be an abuse of process and ordered retroactive annulment of the stay to the date
the petition was filed  *See id.* at *9.

and an unnecessary burden on the courts and their supporting personnel.") (internal citation and

quotations omitted).

In determining whether or not to restrict a litigant's future access to the courts, "a court

must consider 'whether a litigant who has a history of vexatious litigation is likely to continue to

abuse the judicial process and harass other parties.'" *Eliahu v. Jewish Agency for Israel*, 919

F.3d 709, 713–14 (2d Cir. 2019) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.

1986)).  In making such a determination, courts will look to the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing
> the litigation, e.g., does the litigant have an objective good faith expectation of
> prevailing?; (3) whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has posed an unnecessary
> burden on the courts and their personnel; and (5) whether other sanctions would
> be adequate to protect the courts and other parties.

*Eliahu*, 919 F.3d at 714 (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525,

528 (2d Cir. 2005)).  The Court finds that each of these factors weigh heavily in favor of issuing

a filing injunction against the Debtor with respect to motions for contempt and/or sanctions.

The first factor clearly weighs in favor of imposing a filing injunction, given Mr.

Manchanda's history of litigation entailing vexatious, harassing or duplicative lawsuits.  "There

is not . . . a strict numerosity requirement that must be met before a [] court may exercise its

discretion to enjoin a litigant from filing future actions." *Eliahu*, 919 F.3d at 714 (citing *Safir*,

792 F.2d at 24).  Instead the Court "must consider the record as a whole and the likelihood that

the litigant will continue to abuse the judicial process." *Id.*  As discussed above, the Debtor has a

very long history going back at least a decade of filing vexatious, harassing and duplicative

litigation, before this and other courts. *See supra* pp. 4–5.  Moreover, the Debtor has repeatedly

been warned of the imposition of a filing injunction. *See Manchanda v. Senderoff,* 2022 WL

1667261, at *1 (2d Cir. Mar. 24, 2022) ("[Mr. Manchanda] is hereby warned that the continued

filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers in this Court could result in the imposition of sanctions, including a leave-to-file sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court."); *Manchanda v. Acosta*, Case No. 23-61, ECF No. 43 (2d Cir. Apr. 12, 2023) ("We again warn [Mr. Manchanda]: Any further filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers in this Court will likely result in a leave-to-file sanction, barring any further submissions in this Court without permission."). Despite this and other warnings, the Debtor has continued to initiate baseless litigation. Given his continued course of improper conduct, it is not surprising then that a filing injunction has been imposed on him by the District Court for the Southern District of New York. *See Manchanda v. Walsh*, 2024 WL 455204, at *6–9 (S.D.N.Y. Feb. 5, 2024), *aff'd*, 2024 WL 5412393 (2d Cir. Sept. 25, 2024). With that filing bar in place, the Debtor has continued his practice of vexatious litigation here in the Bankruptcy Court, filing dozens of sanctions motions and numerous abusive pleadings. *See, e.g., supra* p. 3; *see also Order on Pending Matters* [Case No. 23-22095, ECF No. 158] (directing the Debtor to refrain from filing improper pleadings that contain scandalous or offensive material or that lack a basis in fact or law and advising that such pleadings will render him subject to sanctions under Rule 9011 and 28 U.S.C. § 1927, including a filing ban). The Debtor's pattern and practice of instituting frivolous litigation in this and other courts, even in the face of admonishment, weighs very strongly in favor of a filing injunction. *See Manchanda*, 2024 WL 455204, at *7.

The second factor, the litigant's motive in pursuing the litigation and whether there is an objective good faith expectation of prevailing, also weighs strongly against the Debtor. As noted above, each of the Debtor's similar prior requests for contempt and/or sanctions in this Court have been denied and the Debtor cannot have an objective good faith expectation of prevailing

on these Motions. *See supra* pp. 3–4. This is particularly true in his request for sanctions motions against the Government attorneys and the Chapter 7 Trustees when one considers that Mr. Manchanda has a legal background that gives him insight into the roles that these parties play in the bankruptcy process. Moreover, his prior suits against judges and Government attorneys made the Debtor well aware that such individuals are afforded immunity from suit for their official actions but he has nonetheless chosen to pursue litigation against such individuals through the Motions. *See generally Manchanda*, 2024 WL 455204 (dismissing suit by the Debtor against Mr. Zipes and Ms. Kumar based on immunity grounds); *see id.* at *7 (citing *Manchanda v. Bose*, Case No. 15 Civ. 2313 (VSB), ECF No. 3 at 4–5 (S.D.N.Y. Apr. 16, 2015) (dismissing Mr. Manchanda's claims against judges on absolute immunity grounds)). "Continued reliance on causes of action which have been found meritless precludes a finding of a good faith expectation on Mr. Manchanda's part that he would prevail" in the Motions and his conduct instead "reveals that his motivations in bringing [the Motions] lie elsewhere, namely to (1) re-litigate issues . . . and (2) circumvent the [Court's prior] orders." *Id.* (internal citations omitted).

The third factor, whether the litigant is represented by counsel, also weighs against the Debtor. While the Debtor is *pro se* in these cases and adversary proceedings, he was also a practicing attorney for over twenty years[8] and has previously filed several bankruptcy cases.[9] As

---

[8]    The Court notes that the Debtor was recently disbarred in the State of New York. *See In re Matter of Manchanda*, 222 N.Y.S.3d 42 (App. Div. 1st Dep't Nov. 21, 2024) (the "Disbarment Order"). A copy of the Disbarment Order is attached as Exhibit C to the Powers Declaration. The Disbarment Order further evidences the pattern of vexatious litigation by Mr. Manchanda. *See In re Matter of Manchanda*, 222 N.Y.S.3d at 44 (detailing filings by Mr. Manchanda "containing racist and anti-Semitic language"); *id.* at 44–45 (detailing legal documents that Mr. Manchanda "prepared and filed in state and federal courts attacking members of the judiciary, using 'foul and vile language' to challenge their integrity. . . ."); *id.* at 45 (detailing filings in which Mr. Manchanda "repeatedly [made] racist, anti-Semitic, homophobic, and misogynistic statements about members of the judiciary and the bar in complaints to the Attorney Grievance Committee and other agencies); *id.* at 45 (detailing homophobic and racist attacks made against former clients based on privileged information); *id.* at 51 (noting that Mr. Manchanda "repeatedly made meritless, frivolous, and vexatious arguments well beyond the point at which he should have known better" and that Mr. Manchanda's "targets for such filings have grown to include this very disciplinary proceeding and collateral attacks that he has launched on it in state and federal court. He has shown no intention of

such, he "is not entitled to the 'special solicitude' normally extended to *pro se* litigants as reflected in the third factor." *Id.* (quoting *Zappin v. Cooper*, 2022 WL 985634, at *9 (S.D.N.Y. Mar. 31, 2022)).

The fourth factor, whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, also weighs against the Debtor. The numerous parties against whom he has sought sanctions and contempt have been saddled with needless expense and burden in defending against his many motions.[10] The Motions have required many of the counterparties to hire counsel, file pleadings, and make appearances before the Court.

The fifth factor considers whether sanctions other than a filing injunction would be adequate to protect the courts and other parties. The Court finds that such lesser sanctions would be ineffective in these circumstances. As detailed above, the Debtor has been warned for years here and in other courts that he must stop filing baseless lawsuits. Such warnings have not been heeded. Thus, a filing injunction here is entirely consistent with filing injunctions that have been

---

stopping or slowing down such filings, even in the face of disbarment by this Court or sanctions in the Second Circuit."); *id.* ("There does not appear to be any reported case in which the attorney's misconduct similarly rose to the virulence that [Mr. Manchanda] has demonstrated well before and all throughout this disciplinary proceeding. Words fail to capture the severity and extent of his bigotry. The conduct here is simply shocking and outrageous.").

9    Debtor has filed four prior voluntary petitions. In October 2011, the Debtor filed a voluntary petition *pro se* under Chapter 7 of the Bankruptcy Code, which was dismissed in early January 2012. *See* Case No. 11-14666 [ECF No. 33]. In September 2013, the Debtor filed a second *pro se* petition under Chapter 7 of the Bankruptcy Code, in which he received a discharge January 2014. *See* Case No. 13-12880 [ECF No. 64]. Less than four months later, the Debtor filed a third case, this time represented by counsel and under Chapter 13 of the Bankruptcy Code. *See* Case No. 14-11259. This case was dismissed in early January 2015. *See* Case No. 14-11259 [ECF No. 32]. One year later—in late January 2016—the Debtor again filed a Chapter 13 petition, this time *pro se*. *See* Case No. 16-10222. This fourth case was dismissed in late January 2017. *See* Case No. 16-10222 [ECF No. 187].

10    Indeed, Mr. Manchanda has continued to file new motions seeking sanctions and contempt even while failing to attend the April Hearing scheduled on these Motions. *See Notice of Motion for Contempt of Court Against Micah Lopez, Lawyers Fund for Client Protection, Michael Knight, Attorney Remi Shea and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 207]; *Notice of Motion for Contempt of Court Against Richard Albrecht and Jacob Albrecht and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 222]; *Notice of Motion for Contempt of Court Against Judge Judy Kim and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 235]; *Notice of Motion for Contempt of Court Against Judge Suzanne Adams and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 236]; *Debtor Reply Affirmation to Jung Moon Untimely Objection to Discharge, and Counterclaim for Civil and Criminal Contempt* [Case No. 23-22095, ECF No. 237].

approved in other cases by the Second Circuit. *See, e.g., Shah v. United States*, 2022 WL 17747787, at *1–2 (2d Cir. Dec. 19, 2022) (affirming district court's order dismissing an action pursuant to a substantially similar filing injunction); *Brady v. Goldman*, 714 F. App'x 63, 64–65 (2d Cir. 2018) (affirming district court's entry of a filing injunction requiring litigant "to seek permission before filing any additional suits pertaining to his prior state court litigation"); *Robert v. Dep't of Justice*, 439 F. App'x 32, 35 (2d Cir. 2011) (affirming district court's order enjoining litigant from filing a certain category of actions without leave of court given his "history of filing vexatious, burdensome, and meritless" suits of that type).  Indeed, Mr. Manchanda's appeal of a similar filing injunction imposed on him by the District Court was denied by the Second Circuit. *See* 2024 WL 5412393 (2d Cir. Sept. 25, 2024).

Given the entire record here and the Debtor's failure to comply with the Court's prior directives, the Court will enjoin the Debtor from filing any request for contempt and/or sanctions in the above-captioned cases and adversary proceedings without first obtaining leave from the Court to make such a filing .  It is therefore,

**ORDERED**, that the Motions are denied as to the counterparties discussed herein; and it is further

**ORDERED**, that the Debtor is enjoined from filing any request for contempt and/or sanctions in the above-captioned cases and adversary proceedings without first obtaining leave from the Court to make such a filing; and it is further

**ORDERED**, that to make a request for leave from the Court to file a request for contempt and/or sanctions, the Debtor must take all of the following steps: (1) file with the proposed request for contempt and/or sanctions a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File;" (2) attach to the filing either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the request for contempt and/or sanctions that

he wishes to present is a new claim never before raised by him in any court; (3) provide in that filing a list of every suit he has previously brought in any New York state or federal court against any defendant to the request for contempt and/or sanctions that he wishes to bring; (4) attach to the filing a copy of each such complaint and a certified record of its disposition; (5) explain in the filing why, after the exercise of due diligence as to both the facts and the law, the Debtor believes the conduct of the party in question merits a finding of contempt and/or sanctions; and (6) include in the filing a statement by the Debtor that he is aware that he is subject to sanctions, including monetary sanctions and/or imposition of costs, if the Court concludes that the Debtor's request lacks merit; and it is further

**ORDERED**, that prior to receiving permission from the Court through the process set forth above, the Debtor shall not serve on any party a pleading requesting contempt and/or sanctions against any party and it is understood that no party is required to respond to any request by the Debtor for contempt and/or sanctions until ordered to do so by the Court.  Failure of the Debtor to comply with all of the requirements set forth above will be grounds for summary dismissal of any proposed request for leave to file a request for contempt and/or sanctions. Unless and until leave from the Court is obtained, any document or motion served by the Debtor requesting contempt and/or sanctions is a separately sanctionable nullity and no party need file a response thereto; and it is further

**ORDERED**, that that any violation of this injunction will be treated as a contempt of Court and result in the imposition of monetary or further sanctions against the Debtor.  *See Order on Pending Matters* [Case No. 23-22095, ECF No. 158] (directing the Debtor to refrain from filing improper pleadings that contain scandalous or offensive material or that lack a basis in fact or law and advising that such pleadings will render him subject to sanctions under Rule 9011 and 28 U.S.C. § 1927, including a filing ban); and it is further

**ORDERED**, that the Court reserves the right to strike future pleadings in the above-captioned cases and adversary proceedings on its own motion without a hearing if such pleadings contain scandalous or offensive material or lack a basis in law or fact. *See Order on Pending Matters* [Case No. 23-22095, ECF No. 158]; and it is further

**ORDERED**, that the procedures contained in this Order shall apply to any and all requests by the Debtor for contempt and/or sanctions that are currently pending before this Court, including parties against whom contempt and/or sanctions are sought in these Motions but who are not specifically addressed by this Order and also any additional motions that have been recently filed by the Debtor, including, but not limited to the following: *Notice of Motion for Contempt of Court Against Micah Lopez, Lawyers Fund for Client Protection, Michael Knight, Attorney Remi Shea and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 207]; *Notice of Motion for Contempt of Court Against Richard Albrecht and Jacob Albrecht and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 222]; *Notice of Motion for Contempt of Court Against Judge Judy Kim and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 235]; *Notice of Motion for Contempt of Court Against Judge Suzanne Adams and Affirmation in Support of Motion for Contempt* [Case No. 23-22095, ECF No. 236]; *Debtor Reply Affirmation to Jung Moon Untimely Objection to Discharge, and Counterclaim for Civil and Criminal Contempt* [Case No. 23-22095, ECF No. 237]; and it is further

**ORDERED**, that in light of the Court's ruling above, the hearing currently scheduled for May 13, 2025 at 3:00 p.m. is cancelled and all of the pending requests for sanctions and/or contempt set forth in the prior paragraphs are denied without prejudice to the Debtor reasserting

them upon his compliance with the procedures set forth above.

Dated: White Plains, New York
     May 12, 2025

                    **/s/ Sean H. Lane**            
                    **UNITED STATES BANKRUPTCY JUDGE**


**COPIES TO:**

**Via ECF and Email:**

Rahul Dev Manchanda
270 Victory Blvd.
New Rochelle, NY 10801
rahul.manchanda.new.york@gmail.com
*Chapter 7 Debtor*

**Via ECF and Email:**

Marianne T. O'Toole, Esq.
2 Depot Plaza, Suite 2 E
Bedford Hills, NY 10507
trustee@otoolegroup.com
*Chapter 7 Trustee*

**Via ECF and Email:**

Salvatore LaMonica, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
sl@lhmlawfirm.com
*Chapter 7 Trustee*

**Via ECF and Email:**

Dana Walsh Kumar, Esq.
86 Chambers Street
Ste Floor 3
New York, NY 10007
dana.walsh.kumar@usdoj.gov
*Counsel for the United States of America*

**Via ECF and Email:**

Greg M. Zipes, Esq.
Alexander Hamilton Custom House
One Bowling Green
Ste 534
New York, NY 10004
greg.zipes@usdoj.gov
*Counsel to the United States Trustee for Region 2*

**Via ECF and Email:**

Leo V. Gagion, Esq.
Office of Letitia James, Attorney General for the State of New York
28 Liberty Street, 17th Floor
New York, NY 10005
leo.gagion@ag.ny.gov
*Counsel for the Honorable Suzanne Adams and Miles J. Vigilante*

**Via ECF and Email:**

Linda Donahue, Esq.
New York State Department of Financial Services
One State Street
New York, NY 10004
linda.donahue@dfs.ny.gov
*Counsel for New York State Department of Financial Services*

**Via ECF and Email:**

John T. Powers, Esq.
Hudgson Russ LLP
140 Pearl Street, Suite 100
Buffalo, NY 14202
tpowers@hodgsonruss.com
*Counsel to Amguard Insurance Company and Keith Grunberg-Daniels*

**Via ECF and Email:**

Jeremy Shockett, Esq.
Anderson Kill P.C.
7 Times Square, 15th Floor
New York, NY 10036
jshockett@andersonkill.com
*Pro se*

**Via U.S. Mail and Email:**

Payarc
Julio Loaiza
Roberto Swartz
Sonia Chacon Anaya
411 W Putnam Avenue
Ste 340
Greenwich, CT 06830
support@payarc.com
*Pro se*

**Via U.S. Mail and Email:**

Eric Weissman
Connell Foley LLP
875 Third Avenue, 21st Floor
New York, NY 10022
EWeissman@connellfoley.com
*Pro se*

**Via U.S. Mail and Email:**

PaymentcloudInc.
Shawn Silver
16501 Ventura Blvd
Ste 300
Encino, CA 91436
merchantsupport@paymentcloudinc.com
admin@paymentcloudinc.com
*Pro se*

**Via Email:**

Lisette Barajas
merchantsupport@paymentcloudinc.com
*Pro se*

**Via Email:**

Merlinkresponse.com
do-not-reply@merlinkresponse.com
*Pro se*

**Via U.S. Mail:**

Payjunction
1903 State Street
Santa Barbara, CA 93101
*Pro se*

**Via U.S. Mail:**

TSYS
1600 1st Avenue
Columbus, GA 31901
*Pro se*

**Via U.S. Mail:**

Lawyers Fund for Client Protection
Michael Knight
119 Washington Avenue
Albany, NY 12210
*Pro se*

**Via U.S. Mail and Email:**

Charles Costello
Anderson Kill
7 Times Square
15th Floor
New York, NY 10036
1527cgc@gmail.com
*Pro se*

**Via U.S. Mail and Email:**

William Rhule
3131 Hayes Road
#1920
Houston, TX 77082
mr.rhule@yahoo.com
*Pro se*

**Via U.S. Mail:**

Melanie Sentin
710 Elyria Avenue
Amherst, Ohio 44001
*Pro se*

**Via U.S. Mail and Email:**

Patricia Valencia
12619 26th Avenue
Milwaukie, Oregon 97222
patival@icloud.com
*Pro se*

**Via U.S. Mail:**

Andre De Castro and Blockchain of Things
225 East 36th Street
#3E
New York, NY 10016

and

3401 North Miami Avenue
Suite 2030
Miami, FL 33127
*Pro se*

**Via U.S. Mail and Email:**

David Kaplan, Esq.
225 West 25th Street
Apt 6F
New York, NY 10001-7130
davekaplannyc@aol.com
*Pro se and Counsel to Andre De Castro and Blockchain of Things*

**Via U.S. Mail and Email:**

Byron Quintanilla
Quintanilla Law PLLC
917 Northern Blvd
Ste 1
Great Neck, NY 11021
byron@askquintanillalaw.com
*Pro se*

**Via U.S. Mail and Email:**

Heather A. DeGrave, Esq.
Walters Levine & DeGrave
601 Bayshore Blvd.
Suite 720
Tampa, FL 33606
hdegrave@walterslevine.com
*Counsel for Payment Cloud, Lisette Barajas and Shawn Silver*

**Via U.S. Mail and Email:**

Martin Mooney, Esq.
Office of the NYS Attorney General
The Capitol
Albany, NY 12224
Martin.Mooney@ag.ny.gov
*Counsel for Michael Knight and Lawyers Fund for Client Protection*

**Via U.S. Mail and Email**

Micah Lopez
16 Brevoort Road
Chappaqua, NY 10514
mlopez2226@yahoo.com
*Pro se*

**Via U.S. Mail**

Remi Shea, Esq.
NYS Unified Court System
27 Madison Avenue
New York, NY 10010-2201
*Pro se*

**Via U.S. Mail**

Anna Flores
Bethzabeth Flores
431 Tecumseh Avenue
Mount Vernon, NY 10553
*Pro se*

**Via U.S. Mail**

Tanya Faye
Chief Clerk of NYS Civil Court
111 Centre Street
New York, NY 10013
*Pro se*

**Via U.S. Mail and Email**

Cassie Vasicak
Berkshire Hathaway Guard Insurance Companies
P.O. Box 1368
Wilkes-Barre, PA 18703-1368
GuardClaimsTeam@GUARD.com
*Pro se*